————o————

E. C. PARISH, Respondent, *vs.* THE MISSOURI, KANSAS AND TEXAS RAILROAD COMPANY, Appellant.

1. *Damages—Actions against railroads for killing of stock—Double damages— Justices of peace, jurisdiction of.*—The statute (Wagn. Stat. 809, § 3, clause 5) giving justices of the peace concurrent jurisdiction with the circuit court in actions against railroads for killing of stock, etc., confers jurisdiction on the former to give judgment for double the amount of damages—regardless of the amount—in the cases mentioned in the damage act. (Wagn. Stat., 310–11, § 43.)

*Appeal from Randolph County Circuit Court.*

*John Montgomery,* for Appellant.

The statute being penal in its nature should be strictly construed.

When the 5th clause was enacted there existed no liability for double damages, as the act imposing double damages was not passed until long after this clause, conferring this jurisdiction, was enacted, and clause 5 contemplated no such liability.

We claim that the double damages here sued for are not included in this clause conferring jurisdiction in these cases upon justices of the peace ; that, whether the double damages be regarded as punitive or compensatory, the justice had no jurisdiction to enter the judgment for the amount thereof in this action. Of course, justices of the peace have no jurisdiction not specially conferred by statute, and cannot take any by implication. The language conferring it must be plain and unmistakable. Regard the double sum as a fine or as a penalty, or simply as compensation, given to the owner for the injury to his stock, or as a police regulation, it cannot be made " damages to stock," so that jurisdiction would be conferred upon a justice. Such jurisdiction can only be sustained by a very liberal construction of a highly penal statute.

*Martin & Porter*, for Respondent.

This is an action brought by respondent Parish vs. appellant, in Union township, in Randolph county, for stock killed by respondent's engine and cars in said township, at a point where defendant's road runs along an inclosed field, and where defendant's road is not fenced.

The justice has jurisdiction. (See Wagn. Stat. p. 809, clause 5, § 3 ; also, 53 Mo. 525.) The fact that defendant is a corporation, organized out of this State, does not alter the case, for by its act of extending its road into this State, or leasing the Hannibal Central Missouri Railway, on which the killing took place, and which defendant was at the time operating, it became liable the same as other corporations organized in this State. (Wagn. Stat. 1870, pp. 314, 315, §§ 56, 57, acts of 1870.)

NORTON, Judge, delivered the opinion of the court.

This suit was instituted before a justice of the peace for the recovery of damages for two horses killed by the defendant in operating its road. The complaint alleges that the horses were killed by defendant's locomotive at a place where said road passed through plaintiff's cultivated field, and at a point where defend-

ant had failed to erect and maintain good and substantial fences along the sides of its track.

The plaintiff recovered judgment before the justice under the statute for double damages, from which defendant appealed to the circuit court of Randolph county.

On a trial *de novo* in the circuit court, plaintiff obtained a verdict for $210 damages, which, on motion, the court doubled, and rendered judgment for $420. From this judgment, after motions for new trial and in arrest had been overruled, defendant appealed to this court.

The only ground for error relied upon by defendant's counsel is, that the 5th clause of the 3rd section, art. 1, Wagn. Stat., p. 808, which declares that justices of the peace shall have concurrent jurisdiction with the circuit court "in all actions against any railroad company in this State, to recover damages for the killing, crippling, or injuring of horses, mules, cattle, or other animals within their respective townships, without regard to the value of the animals, or the amount of damages claimed for killing or crippling the same," does not confer jurisdiction in a justice of the peace to render judgment for double damages under section 43, art. 2, Wagn. Stat., 310.

In support of this view counsel insist that the act authorizing the recovery of double damages being penal in its character, and having been enacted subsequently to the section above quoted, therefore the jurisdiction of justices of the peace to render judgment for such damages does not exist.

The statute which authorizes the rendition of judgment against railroad companies for double damages for injuries to animals on their roads when they are not fenced as the law requires, may be regarded both as penal and compensatory in its character.

It is penal in authorizing judgment against such companies for twice the damages resulting from injuries done to animals on railroads, at places where such roads are required to be fenced, and are not fenced, and compensatory in giving to the owner of animals injured under such circumstances, a right to recover in double the amount of damage sustained. So far as the law is to be regarded as punitive, it should be strictly construed, and so

as not to enlarge the liability it imposes, nor allow a recovery unless the party seeking it brings his case strictly within the terms or conditions authorizing it.   So far as it is to be considered as compensatory for an injury done, it is to be construed as any other statute.   Applying to the statute under consideration the most stringent rules of construction, we do not see how the liability of defendant would be enlarged by so construing it as to allow a recovery before a justice of the peace of the damages it provides for.

If the construction contended for should be adopted, it would amount to a virtual denial of a remedy in a large class of injuries such as are complained of.   Under a construction of it, denying jurisdiction in such cases to justices of the peace, if a person should seek redress for the killing of a hog, sheep, calf, or other animal, worth ten or fifteen dollars, he would be compelled to seek it in the circuit court, and incur the heavy expense incident to such proceedings, and though he might win the case, he would, pecuniarily, be the loser.

It was doubtless the intention of the legislature, in conferring jurisdiction on justices of the peace in this class of cases, to afford a speedier and less costly remedy than otherwise would have existed.   This intention would most obviously be defeated by giving the statute the construction insisted upon.

The identical point presented here was decided by this court in the case of Hudson vs. St. L., K. C. & N. R. R. Co. (53 Mo. 525), and it was held that jurisdiction could be rightly exercised by justices of the peace in all such cases.

The judgment of the circuit court is supported, both by reason and authority, and is therefore affirmed.   All the judges concur, except Judge Wagner, who is absent.