STEELE v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

Constitution: JUSTICE OF PEACE: JURISDICTION. The provision of Revised Statutes, 1879, section 2835, conferring jurisdiction upon justices of the peace in actions against railroads for the killing of stock without regard to the value of the animal killed, or the amount claimed, is constitutional.

*Appeal from Cooper Circuit Court.*—HON. E. L. ED-WARDS, Judge.

AFFIRMED.

*G. H. Benton* for appellant.

*Draffen & Williams* for respondent.

DEARMOND, C.—This action was begun before a justice of the peace to recover two hundred and fifty dollars, double damages, for the killing of respondent's mule by appellant's cars. Judgment was rendered by the justice by default, for the amount claimed. An appeal was

taken to the circuit court, where the court, sitting as a jury, assessed respondent's damages at one hundred and fifteen dollars, on motion doubled the amount, and gave judgment for two hundred and thirty dollars, which judgment is appealed from.

The point pressed by appellant in this court is the alleged unconstitutionality of the clause of section 2835, conferring upon justices of the peace jurisdiction in actions against railroad companies for killing or injuring live stock, without regard to the value of the animal, or the amount claimed. Appellant insists that this portion of the section is in violation of both the state and federal constitutions. The local constitutional objection is, that it is a special statute of the character expressly prohibited. Const., art. iv, sec. 53, sub-div. 17. In the great number of similar cases decided by this court, there is no trace of doubt as to the constitutionality of this provision, which has been in our statute book for many years with little material alteration. Counsel suggests that perhaps the question of constitutionality was never before closely pressed. I do not regard the question as longer debatable. The constitutionality of the clause under consideration I cannot question, in the light of the numerous decisions wherein the jurisdiction of the justice is denied by counsel but sustained by the court. *Hudson v. St. L., K. C. & N. Ry. Co.*, 53 Mo. 525; *Parish v. M., K. & T. R. R. Co.*, 63 Mo. 284; *Walthers v. M. P. Ry. Co.*, 78 Mo. 617; *Humes v. Mo. Pac. Ry. Co.*, 82 Mo. 221. The statutes contain many provisions that, on appellant's theory, would be unconstitutional, but whose constitutionality is beyond question.

Such special or local laws as may be enacted, are not to be passed "unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated." Const., art. iv, sec. 54. If this were indeed a special law, and not within the prohibitory clause in section 53, article iv, of the constitution, in what locality would it be

necessary to publish the notice to authorize its passage? Wherever in the state there are or might be justices of the peace and railroads.    In *Humes v. Mo. Pac. Ry. Co.*, *supra*, the question of the constitutionality of such statutes as the one to which objection is here urged, is considered at length.    That case, of itself, would be decisive of this, and would require the affirmance of the judgment appealed from.    The *Humes case*, too, disposes of the question as to the alleged violation of the federal constitution.    I think the judgment should be affirmed. All concur.