DONOVAN *et al.* v. THE HANNIBAL & ST. JOSEPH RAIL-ROAD COMPANY, *Appellant.*

| 89 | 147 |
| 31a | 667 |
| 32a | 680 |
| 89 | 147 |
| 36a | 645 |
| 89 | 147 |
| 101 | 29 |
| 89 | 147 |
| 43a | 512 |
| 89 | 147 |
| 49a | 370 |
| 89 | 147 |
| 62a | 208 |
| 89 | 147 |
| 142 | 663 |
| 89 | 147 |
| 85a | 349 |

1. **Contributory Negligence.** Contributory negligence is a matter of defence and must be pleaded to be available as a defence.

2. **Railroad : FENCE.** A land owner cannot be deprived of the use of his lands because of the neglect of a railroad to construct fences as the law requires.

3. —— : ——. Such land owner is not guilty of negligence in pasturing his cattle on his own land, although he is aware of the defective condition of the fence, which it is the duty of the railroad to maintain between him and its track. The same is equally true where there is a total failure to fence on the part of the railroad.

*Appeal from Buchanan Circuit Court.*—Hon. J. P. Grubb, Judge.

Affirmed.

*Smith & Krauthoff* for appellant.

(1) In an action for injury by railroads to stock, under the statute, the defence of contributory negligence is a good one. *Trow v. Railroad*, 24 Vt. 487; *Marsh v. Railroad*, 14 Barb. 364; *Mentges v. Railroad*, 1 Hilton, 425. (2) An owner of cattle who puts them where they are exposed to obvious danger assumes the risk. *Railroad v. Methven*, 21 Ohio St. 586; *Smith v. Railroad*, Iowa, 508; *Curry v. Railroad*, 43 Wis. 665; *Railroad v. McHenry*, 24 Kas. 501; *Carey v. Railroad*, 20 N. W. Rep. 648. (3) Contributory negligence will defeat an action based upon the defendant's omission to perform a statutory duty. *Howenstein v. Railroad*, 55 Mo. 33; *Milburn v. Railroad*, 86 Mo. 104.

*Doniphan & Reed* for respondent.

(1) The defence of contributory negligence could not be raised by a general denial. *Northrup v. Ins. Co.*, 47 Mo. 444; *Thompson v. Railroad*, 51 Mo. 190; *Harrison v. Railroad*, 74 Mo. 369; 2 Thompson on Negligence, 1253. (2) The question of negligence was at all events one for the jury and the instruction asked by defendant was rightly refused. (3) The cases cited from other states for appellant on the point that contributory negligence is a defence to an action against a railroad for injuries resulting from the omission of the statutory duty to fence, are inapplicable to the facts of this case. (4) The railroad, by failing to discharge its statutory duty cannot deprive a man of the use of his own premises. *McCoy v. Railroad*, 40 Cal. 532; *Railroad*

*v. Lall*, 28 Mich. 515; *Shepard v. Railroad*, 35 N. Y. 544. (5) In this class of cases the plaintiff is entitled to recover without reference to the question of fault on the part of plaintiff. *Railroad v. Ross*, 37 Ind. 549.

BLACK, J.—This is a suit for double damages under section 809, Revised Statutes, for injuries to cattle. The facts disclosed on the trial are as follows: Defendant's road runs through a farm owned by the plaintiff, Donovan. He enclosed fifty acres by building a fence on three sides, the railroad constituting the fourth side. Before erecting the fence he notified defendant of his intention and requested its proper agents to fence the road, stating at the same time that the land was lower than the track, and if it should rain his cattle would go upon the road. He made a like request after the fence had been completed, saying then that the grass was going to waste. He at the same time offered to build the fence for defendant, at its cost, but this proposition was rejected, the agent saying that they were better prepared to build fences than plaintiff. The agent then, as he had before, promised to make the fence. From two to four weeks later Donovan, and McKinley, the other plaintiff, turned some forty head of their cattle on the pasture. A son of one of the plaintiffs paid some attention to the cattle for a time, keeping them off the road. On the night of the third day that the cattle were in the pasture, it rained, and they then went on the road, and six or eight were damaged by the defendant's cars running upon them.

The many constitutional questions as to the validity of section 809, raised in the trial court and preserved in the record, have been so often ruled against the appellant that further notice need not be taken of them.

The defendant offered no evidence, but asked the following instruction, which was refused:

"The jury are instructed that if the evidence shows

that if the plaintiff turned his said stock into his lot where they were injured, knowing that locomotives and trains of cars were running at all hours of the day and night on the defendant's railroad track, and knew that said track crossed his said lot, and that no fence of any kind was on either side of the railroad track, and that such locomotives could not be operated on said track without running near said animals, and that said animals were in danger of receiving injury from such engines and cars, then he was guilty of such negligence as will bar a recovery in this action."

The defendant answered alone by way of a general denial. Contributory negligence is a matter of defence, and must be pleaded to be available as a defence. No such issue of fact was presented in this case, and for these reasons the instruction was properly refused. Had such a defence been stated in the answer, still the instruction should have been refused, for it fails to submit any question of negligence on the part of the plaintiffs to the jurors. It assumes that the facts therein hypothetically stated, in and of themselves, constitute negligence. The facts recited do not necessarily lead to such a conclusion.

Again, the plaintiff had the undoubted right to enclose his pasture and when enclosed to make use of it for a pasture. Those cases cited where animals were at large contrary to some law, and strayed upon the railroad and were killed, or damaged, can have no possible application to this case. By statute it is made the duty of the defendant to fence its road, and it is made liable to the owner of cattle for double the amount of all damages done to them, occasioned by reason of the failure to fence the road. The land owner may, it is true, build the fence and then recover the value from the railroad company, but there is no duty resting upon him to build the fence. The duty is upon the company and it cannot shift the duty upon the land proprietor. Neither is the

land owner deprived of the use of his lands because of the neglect of the company to construct fences as the law says it shall. As is said in Thompson on Negligence, volume 1, page 531: "There is *no negligence* in his pasturing *his cattle upon his own premises*, although he is aware of the defective condition of the fence, which it is the duty of the company to maintain between it and the railroad track. *He cannot be deprived of the ordinary and proper use of his property by the failure of the railroad company to perform its duty.*" The same is equally true where there is a total failure to fence. In every case where the railroad passes through enclosed fields, and is not fenced, there is more or less danger to cattle and other animals. This danger is known to every man of common observation. If these facts will defeat the owner in a suit under the statute, then the statute ceases to be of any avail to one who is diligent enough to fence up his lands. The statute is designed to furnish a remedy to the owner of the stock, as well as to protect the lives of persons traveling on the railroad. It subserves a double purpose. *Parish v. Railroad*, 63 Mo. 286. The principle contended for here by the appellant nullifies the statute, as to persons who see fit to enclose their lands. It cannot be the law. Perhaps there are authorities in some of the states which would lead to a different conclusion, but we decline to follow them.

Our conclusion is that there was no evidence in the case to justify the court, in any event, in giving any instruction upon contributory negligence, though the pleadings had been framed to that end. The judgment is affirmed. All concur.