SAM BASKOWITZ, Appellant, v. O. B. GUTHRIE, doing business as the GUTHRIE MANUFAC- TURING COMPANY, Respondent.

St. Louis Court of Appeals, March 3, 1903.

1. **Justice Court:** APPLICATION FOR CHANGE OF VENUE: AF- FIDAVIT OF NOTARY PUBLIC, SUFFICIENT. It is not neces- sary under section 8835, Revised Statutes 1899, to add when his term of office as notary would expire, and the omission of those words would not render the affidavit to an application for a change of venue, of no effect and invalid.

2. ———: ———. An application for a change of venue in compli- ance with section 3972, Revised Statutes 1899, makes it imperative on the justice to award the change, for such application deprives the justice of further jurisdiction in the case.

3. ———: ———: JURISDICTION NOT WAIVED, WHEN. Where a defendant in a justice court (in an action wherein the amount involved is below the original jurisdiction of the circuit court)

appeals to the circuit court from an adverse judgment, and also from the justice's denial of his application for change of venue, he does not waive his right to insist that the refusal of the change of venue was error by appearing and consenting to a continuance of the cause, because the jurisdiction of the circuit court over the subject-matter was but derivative and not original.

4. ———: ———: ———: ———: SUPERVISION OF INFERIOR COURTS. The circuit court, under its general powers, has supervision over justices' courts, and it is competent to vacate the judgment of a justice, rendered after refusal of a change of venue, and send the cause back with directions to grant the change of venue.

Appeal from St. Louis City Circuit Court.—*Hon. S. P. Spencer, Judge.*

AFFIRMED.

### STATEMENT.

This cause was taken to the circuit court by appeal from a justice's court.

The justice's transcript (omitting caption and certificate) is as follows:

"Suit on an account; demand $39.97. Account filed and summons issued to constable E. J. Morrissey, November 28, 1899, returnable December 12, 1899, at 7 a. m. Summons returned executed; case called for trial December 12, 1899, at 7 a. m. Prayer for change of venue filed; not granted because affidavit not complete. Plaintiff appeared; defendant, though duly called, comes not, and makes default. The justice waited three hours, and defendant still remaining in default, the justice heard the evidence and finds for the plaintiff in the sum of $40.47. It is therefore adjudged by the justice that plaintiff recover from defendant the sum of forty dollars and forty-seven cents for his debt and cost of suit. Execution issued to constable E. J. Morrissey, December 12, 1899, returnable according to law.

"Now, on this the 21st day of December, 1899, comes the defendant and files his affidavit and bond,

praying an appeal, with Mississippi Valley Trust Company as surety. Bond approved and appeal granted; case transmitted to circuit court, city of St. Louis, with all papers in the cause and transcript of docket.

| | |
|---|---|
| Judgment | $40.47 |
| Justice | 2.65 |
| Constable | 2.15 |
| Levy | 1.00 |
| Watchman | 18.50 |
| Transcript paid | 1.00 |

The application for a change of venue which the justice overruled (omitting caption) is as follows:

"Oscar B. Guthrie, the defendant in the above-named cause, makes oath and says that he can not have a fair and impartial trial before the above-named justice, before whom said cause is now pending, on account of the bias and prejudice of the inhabitants of the district thereof, and he therefore prays a 'change of venue' to other justice having jurisdiction thereof, in accordance with the statute in such cases made and provided.

"OSCAR B. GUTHRIE, Defendant.

"Sworn to and subscribed before me, this 9th day of December, 1899.

(Seal.)          "JOHN B. EDWARDS,
"Notary Public, City of St. Louis, Missouri."

In the circuit court defendant moved that the judgment of the justice be vacated and the cause be remanded to the justice with directions that he grant a change of venue of the cause. On the hearing of the motion, the notary (Edwards) testified that he was commissioned as a notary on the first day of March, 1898, for four years. The court sustained the motion, entered an order vacating the judgment of the justice and remanded the cause to him with directions that he award the change of venue theretofore applied for. An unavailing motion to set aside this order was made by plaintiff, whereupon he appealed.

*Montague Punch* for appellant.

(1) The case being called for trial, and the plaintiff being ready, there remained nothing for the justice to do, except to overrule the application for a change of venue, because it was not in form required by law. A change of venue is not authorized unless all the provisions of the statute in relation to the application have been complied with, and formerly, before the amendment of the statute with regard to changes of venue from a justice of the peace, it was held that the affidavit must be sworn to by the party himself and not by an agent or attorney. Huthsing v. Maus, 36 Mo. 101; Levin v. Dille, 17 Mo. 64. ''The right to a change of venue is strictly statutory and does not exist except where given by the statute.'' Manson v. Coleman, 86 Mo. App. 22.

*Judson & Green* for respondents.

(1) The application for a change of venue being regular, being properly verified and filed in time, justice Houghton had no further jurisdiction in the matter after it was filed, either over the person of the defendant or the subject of the action, and the pretended judgment rendered by him was and is absolutely null and void. R. S. 1899, sec. 3973; Jones v. Pharis, 59 Mo. App. 254; Endicott v. Hall, 61 Mo. App. 186; State ex rel. v. McCracken, 60 Mo. App. 650. (2) If the justice had no further jurisdiction after the affidavit for change of venue was filed, then the circuit court can never acquire jurisdiction on an appeal. State ex rel. v. McCracken, 60 Mo. App. 650; Reinhardt v. Kempf, 72 Mo. App. 650; Planing Mill Co. v. Short, 58 Mo. App. 320; Insurance Co. v. Foster, 56 Mo. App. 198. (3) If a court has no jurisdiction over the subject-matter of the action, the objection can be made at any stage of the proceedings—can be made for the first time in the appellate court—and parties do not waive

their rights to object to the jurisdiction over the sub-ject-matter of the action by appearing and trying a case on its merits. Henderson v. Henderson, 35 Mo. 434; Graves v. McHugh, 58 Mo. 499.

BLAND, P. J.—1. For the reason that the notary omitted to designate in writing on his jurat to the ap-plication for change of venue the date of the expiration of his commission, it is contended by appellant that there was no evidence that the application for change of venue was sworn to and that the justice correctly denied the application.

Section 8835, Revised Statutes 1899, reads as fol-lows:

"Every notary public shall provide a notarial seal, on which shall be inscribed his name, the words 'notary public,' the name of the county or city, if appointed for such city, in which he resides and has his office, and the name of the State; shall designate in writing, in any certificate signed by him, the date of the expiration of his commission. No notary public shall change his seal during the term for which he is appointed, and he shall authenticate therewith all his official acts, and the record and copies, certified by the proper custodian thereof, shall be received in evidence."

This statute makes the official signature and seal of a notary the evidence of his official acts without ref-erence to the designation in writing of the time of the expiration of his commission.

In K. C. & S. E. Ry. Co. v. K. C. & S. W. Ry. Co., 129 Mo. 62, it was held that the omission of a notary to designate the time of the expiration of his commis-sion did not invalidate his certificate to the acknowl-edgment of a deed.

In Windmill Co. v. Baker, 49 Kas. 434, under a statute like ours, the Supreme Court of that State held: "The fact that a notary public, before whom a claim of lien is verified, fails to add after his official signature

the date of expiration of his commission, does not render such lien void." The court, at page 440, said: "The statute requiring. such addition on part of the notary does not attempt to avoid the affidavit taken by the notary on account of such omission." Neither does our statute attempt to avoid the certificate of a notary for his omission to designate the date of the expiration of his commission, and we hold that the affidavit to the application for change of venue was sufficiently authenticated.

2. The application for the change of venue of the cause was in strict compliance with the statute (sec. 3972, R. S. 1899). The next succeeding section (3973) made it the imperative duty of the justice to award a change of venue to a justice of some district where the inhabitants were not so prejudiced against the defendant that he could not have a fair trial therein; and when the application for the change of venue was filed before the justice he had no further jurisdiction in the case except to grant the change of venue (sec. 3973, supra), hence, his judgment was an absolute nullity. Jones v. Pharis, 59 Mo. App. 254.

3. The affidavit for the appeal was from the judgment, from the ruling of the justice on defendant's application for a change of venue, etc. After the transcript had been filed in the circuit court and the cause docketed there, the defendant appeared and consented to several continuances of the cause. Plaintiff contends that by his appeal from the judgment of the justice and by his general appearance to the cause in the circuit court after the appeal had been granted, he thereby conferred on the circuit court jurisdiction to hear and determine the case. There might possibly be some force in this contention if the cause was one of the class over which the circuit court had original jurisdiction, but the amount sued for is below the original jurisdiction of the circuit court, hence, that court could not obtain jurisdiction in any other manner than through

the justice by the appeal. Its jurisdiction of the subject-matter was derivative, therefore, if the court, through which it was attempted by appeal to confer jurisdiction had no jurisdiction, none could be conferred on the circuit court. Planing Mill Co. v. Short, 58 Mo. App. 320; Ins. Co. v. Foster, 56 Mo. App. 197; Reinhardt v. Kempf, 72 Mo. App. l. c. 650.

4. It is competent for a party to confer jurisdiction on a court of his person, but he can neither by consent nor conduct confer on a court jurisdiction of the subject-matter; the law alone conffers this jurisdiction. Parker v. Zeisler, 139 Mo. 298; Johnson v. Detrick, 152 Mo. 243.

Under its general power of supervision over inferior courts it was competent for the circuit court to vacate the justice's judgment and send the cause back to the justice with directions to grant the change of venue.

The judgment is affirmed. All concur.