Brown Mfg. Co. v. Gilpin.

BROWN MANUFACTURING COMPANY, Respond-
ent, v. GEORGE A. GILPIN, Appellant.

Kansas City Court of Appeals, June 4, and October 1, 1906.

1. **JUSTICES' COURTS: Appeal: Affidavit: 'Corporation: Notary Public.** An affidavit for appeal from a justice is held to sufficiently show that the corporation, and not the agent making it, was aggrieved; and that it was sufficiently taken before a notary public of another State, since courts take judicial notice of the seals of notaries public; and that the failure to certify the expiration of his term does not invalidate the certificate of a notary.

2. ———: ———: **Bonds: Execution: Corporation.** A bond for an appeal from a justice court may be executed by the treasurer of the appealing corporation and need not be executed by the president and attested by the secretary with a seal.

3. ———: ———: **Notice: Sufficiency of.** A notice stating the cause, the court, its date, and that the appeal had been taken, is held sufficient.

4. ———: **Evidence: Execution of Instrument.** Where an exhibit to a statement in a justice court is the foundation of the action and its execution is not denied under oath, such execution is confessed and it is admissible in evidence without proof thereof.

5. **SALES: Return of Goods: Action for Price.** Where the vendee returns the goods which the vendor stores subject to the order of the vendee, giving notice thereof, the vendor may maintain an action for the price of the goods.

Appeal from Boone Circuit Court.—*Hon. Alexander H. Waller,* Judge.

AFFIRMED.

*Webster Gordon* for appellant.

(1) The affidavit for an appeal from the justice court to the circuit court, was insufficient and did not authorize an appeal. R. S. 1899, sec. 4062; State v.

Hammond, 92 Mo. App. 234; Whitehead v. Cole, 49 Mo. App. 428. (2) The affidavit may be taken by any officer qualified to administer oaths in the State, of course, as our statutes can not reach outside of this State and have force and effect in the State of Tennessee. Since this affidavit was taken by C. W. Allen, who purports to be a notary public in Green county, Tennessee, and does not even state when his commission expires, it is wholly void and of no effect and the court erred in overruling appellant's motion to dismiss. R. S. 1899, sec. 4063. (3) The respondent's appeal bond is insufficient and fatally defective in this; the respondent, the Brown Manufacturing Company, is principal and S. F. Conley, is the security therein, but the bond is signed by James M. Morey, treasurer, and not by the Brown Manufacturing Company, the real principal. State v. Hammond, 92 Mo. App. 1. c. 234; Hyatte v. Wheeler, 101 Mo. App. 1. c. 359; Campbell v. Pope, 96 Mo. 468; Roth v. Wire Co., 94 App. 261-2; Shenalter v. Pirner, 55 Mo. 229; Land Co. v. Jeffries, 40 Mo. App. 360; Distilling Co. v. Kermis, 79 Mo. App. 114. (4) The notice of appeal is insufficient and does not comply with the statute. R. S. 1899, sec. 4070; Stone v. Baer, 82 Mo. App. 339. (5) The court erred in allowing exhibit A attached to respondent's statement without first requiring proof that the signature there is the appellant's.

*Charles J. Walker* for respondent.

(1) The affidavit for appeal is sufficient both in form and substance. State ex. rel. v. Railroad, 149 Mo. 1. c. 111; Jones v. Williams, 139 Mo. 1. c. 26; O'Brien v. Trans. Co., 81 Mo. App. 667. (2) The fact that a notary does not certify where he lives, nor when his term will expire, does not destroy in the least the effectiveness of the instrument to which he certifies." Railway v. Railway, 129 Mo. 1. c. 68; Baskowitz

v. Guthrie, 99 Mo. App. 1. c. 308.   Indeed, a contradic-
tion between the certificate and signature of a no-
tary is not fatal.   Bank v. Harrison, 39 Mo. 1. c.
440.   (3)  Appellant inadvertently and unintention-
ally omitted to state that the seal of the notary, C. W.
Allen, who took the affidavit of James M. Morey for ap-
peal, disclosed the fact that he was a notary public for
"Green county, Tennessee." "The presumption is that
the affidavit was signed and the oath administered with-
in his local jurisdiction; for it is not to be presumed that
he violated his official duties." Avery v. Good,
114 Mo. 1. c. 295; Mercantile Company v. Burrell
Sisters, 66 Mo. App. 1. c. 124.   (4)  Respond-
ent's appeal bond was properly executed by the
treasurer of the corporation.   He is presumed to
have had ample authority to execute the same and his
act is to be tested according to the law of agency.
Stripling v. Maguire, 108 Mo. App. 1. c. 601; Martin
v. Webb, 110 U. S. 1. c. 14; Bank v. Coal Co., 86 Mo. 1.
c. 138; Jones v. Williams, 139 Mo. 1. c. 26; Donham v.
Hahn, 127 Mo. 1. c. 445; Ang. & Ames Corporations, 284;
Campbell v. Pope, 96 Mo. 1. c. 473; Kiley v. Forsee,
57 Mo. 1. c. 396; Ins. Co. v. Seminary, 52 Mo. 1. c. 492;
Bank v. Fricke, 75 Mo.1.c.184; Buckley v. Briggs, 30 Mo.
1. c. 454; Preston v. Lead Co., 51 Mo. 1. c. 45; Pullis v.
Pullis, 157 Mo. 1. c. 582; R. S. 1899, sec. 4060; Crist v.
Smith, 66 Mo. App. 1. c. 401; R. S. 1899, sec. 4072; Nel-
son v. Nelson, 30 Mo. App. 1. c. 187; Munroe v. Herring-
ton, 99 Mo. App. 1. c. 293; Igo v. Bradford, 110 Mo. App.
1. c. 674; Coal Co. v. Railroad, 48 Mo. App. 1. c. 581.
(5)  As to appellant's complaint that the court per-
mitted his (appellant's) written and signed order to be
read in evidence without first requiring proof that the
signature was appellant's, it is only necessary to refer
to sections 746, 747 and 3967, Revised Statutes 1899. (6)
As to appellant's sixth complaint, the evidence shows

that appellant voluntarily shipped the goods back to the vendor and they "are stored now intact subject to his order."

BROADDUS, P. J.—The plaintiff corporation brought this suit in a justice's court on an alleged indebtedness for goods sold and delivered to defendant to the amount of $34. The case originated in Columbia township, Boone county, where it was tried and judgment rendered for defendant and plaintiff appealed to the circuit court. When the case reached the latter court, defendant filed a motion to dismiss for the following causes:

"1. Because the affidavit for an appeal is insufficient to authorize an appeal.

"2. Because the appeal bond is insufficient to authorize an appeal.

"3. Because the notice of appeal is insufficient and does not comply with the statute."

The motion was overruled and defendant refused to further plead or answer and stood on his motion. The court heard the evidence and rendered judgment in favor of the plaintiff and defendant appealed. The affidavit for an appeal, after giving the style of the case, reads as follows:

"James M. Morey, being duly sworn, upon his oath says that his application for an appeal is not made for vexation or delay, but because he believes the appellant to be injured by the judgment of the justice and that this appeal is from the merits.

.  . "BROWN MANUFACTURING CO.,

"JAMES M. MOREY, Treas.,

"Appellant.

"Subscribed and sworn to before me this 4th day of Jan., A. D. 1905.

[SEAL]                                   "C. W. ALLEN.

"Notary Public."

"C. W. Allen, Notary Public, Green Co., Tenn."

One of the objections made to the affidavit is that it states that James M. Morey makes the application for himself and not for the Brown Manufacturing Company. That is true, literally speaking, but it is to be gathered from the entire instrument that he makes the application for said company.

The next objection is that the affidavit was taken before a notary public of another State, which can have no force in this State. This objection is not well taken. Courts will take judical notice of the seals of notaries public, for they are officers recognized by the commercial law of the world. [Barhydt v. Alexander, 59 Mo. App. l. c. 193; Pierce v. Indseth, 106 U. S. l. c. 549.]

And further that the notary does not certify, as required, when his term of office will expire. It has been ruled that a failure so to do will not invalidate his certificate. [Railroad v. Railroad, 129 Mo. 62; Baskowitz v. Guthrie, 99 Mo. App. 304.]

The appeal bond is objected to because, purporting to been have entered into by the plaintiff, it should have been signed by the president of the corporation, attested by its secretary, with the seal of the corporation attached. The bond is signed as follows: "Brown Manufacturing Co., James M. Morey, Treas."

It is no longer the law that all instruments of writing executed by a business corporation, should be signed by the president under its corporate seal. [Fire Ins. Co. v. St. Mary's Seminary, 52 Mo. 480; Preston v. Lead Co., 51 Mo. 43; Buckley v. Briggs, 30 Mo. 452.] In the Preston case, supra, our court adopted the law as stated in Bank v. Patterson, 7 Cranch 299, that, "whenever a corporation is acting within the scope of the legitimate purpose of its institution, all parol contracts made by its authorized agents are express promises of the corporation." We believe the bond executed by the treasurer of the plaintiff is sufficient to bind it and in substantial compliance with the statute.

We cannot find any substantial objection to the notice of appeal. It states the cause, the justice's court in which the judgment was rendered, its date, and that an appeal had been taken.

It is also contented that the court committed an error in admitting as evidence exhibit A without first requiring plaintiff to prove that the signature attached was that of defendant. The exhibit was the foundation of plaintiff's action and, not being denied under oath, it stood confessed. [Secs. 746, 3967, R. S. 1899.]

Lastly, defendant contends that as the goods were returned to plaintiff and accepted by it without question, plaintiff was not entitled to judgment for their value. Defendant misapprehends the record. The plaintiff did not accept the goods when returned by the defendant, but notified him before he reshipped them, that they would not be received, and when they arrived stored them subject to plaintiff's order.

We have examined carefully every question presented by the defendant and find them without merit. Affirmed. All concur.