State ex rel. v. Hallen.

STATE OF MISSOURI ex rel. SAVINGS TRUST COMPANY, Appellant, v. HILDEGARDE HALLEN et al., Respondents.

St. Louis Court of Appeals.   Argued and Submitted April 2, 1912.
Opinion Filed May 7, 1912.

1. NOTARIES: Surety on Bond: Liability for Notary's Negligence. A notary and the surety on his official bond, conditioned for the faithful performance of his duty, are liable to one who suffers in consequence of his incapacity, mistake or negligence in the performance of his duties.

2. ———: ———: ———: Facts Stated. A deed of trust, which recited that Kathryn Fortner and M. D. Fortner, her husband, were grantors, was executed and acknowledged by the husband before a notary public *July 6, 1908,* but the wife neither executed nor acknowledged it. The notary's certificate of acknowledgment, made on a form printed on the deed, stated that, on *July 16, 1907,* "before me personally appeared M. D. Fortner and, ———————————————, his wife, to me known to be the *persons* described in and who executed the foregoing instrument, and acknowledged that *they* executed the same as *their* free act and deed, etc." After the wife's signature and the recorder's certificate were forged on the deed of trust, it was pledged by the husband to secure a loan negotiated by him. In an action by the lender against the notary and the surety on her official bond, which was conditioned that she faithfully perform her duties, *held* that the notary was negligent in certifying to the wrong date of acknowledgment; that she was negligent in certifying that "M. D. Fortner and ——————————————, his wife" appeared before her and acknowledged the execution of the deed, since that was a certification that the wife of M. D. Fortner, who was described in the body of the deed as Kathryn Fortner, had acknowledged it; and that she was negligent in failing to change the number of the words "persons," "they" and "their" from the plural to the singular; and the facts upon which these conclusions are predicated being conceded to be true, it is therefore, *held* that, on the issue of negligence, the finding should have been for relator.

3. CONVEYANCES: Certificate of Acknowledgment: Naming Wife. There is no positive requirement that the name of the wife be inserted in the notary's certificate of acknowledgment to an instrument of conveyance, where the names of the husband and wife appear in the body of the instrument, and the certificate recites that the husband, naming him, and his wife acknowledged it.

4. **NOTARIES: Negligence: Excuse.** Where a notary public was guilty of negligence in making a certificate of acknowledgment to a deed, the fact that she was a woman, only twenty-two years of age, that the acknowledgment in question was the first one she had ever taken, and that in making the certificate, she had done what her trusted employer, who had procured her bond and paid the premium for her, told her to do, did not, in law, excuse her negligence.

5. **NEGLIGENCE: Contributory Negligence: Pleading.** Contributory negligence, to be available as a defense, must be pleaded, except where plaintiff, in his effort to prove his own case, shows that he was guilty of negligence contributing to the injury complained of, in which case defendant may avail himself of it without pleading it; but contributory negligence, to be thus utilized, must appear in plaintiff's evidence so clearly as to disprove the cause of action stated in the petition, and where it falls short of that, and remains a question of fact which may be decided either way, it must be pleaded, to be available as a defense.

6. **NOTARIES: Negligence: Contributory Negligence: Erasures in Notary's Certificate.** One accepting an instrument, on the face of the certificate of acknowledgment of which appears an erasure in the date of the expiration of the term of the notary, is not guilty of such negligence as precludes a recovery for injuries sustained in consequence of the negligence of the notary in taking the acknowledgment and making the certificate.

7. **APPELLATE PRACTICE Conclusiveness of Finding: Scintilla of Evidence.** The doctrine that a scintilla of evidence will support a finding is not in force in this state; but where there is substantial testimony, however small, as compared to the great body of the proof, the court may not meddle with the weight of it, or ignore it, because it is negative in character.

8. ————: **Review of Instructions: Necessity of Incorporating in Bill of Exceptions.** The giving or refusing of instructions that are not preserved in the bill of exceptions will not be reviewed, on appeal; the incorporation of them in the motion for a new trial not being sufficient.

9. ————: **Defective Abstract: Rule 33.** The court will pass unnoticed serious defects in appellant's abstract of the record, where counsel for respondent do not challenge them in the manner prescribed by Rule 33 of the St. Louis Court of Appeals.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen*, Judge.

REVERSED AND REMANDED.

*Boogher & White* for appellant.

(1) The taking of the acknowledgment by respondent Hallen in the manner revealed by the evidence was such carelessness and negligence as rendered her liable on her official bond for all damages that proximately resulted therefrom, for she was bound to conduct herself with the skill and diligence which could reasonably be required of a skillful and diligent person under the circumstances. 2 Sherman & Redfield on Negligence (5 Ed.), sec. 602; Bailey v. New York, 3 Hill. 531; Fogarty v. Finley, 10 Cal. 239; State ex rel. v. Meyer, 2 Mo. App. 413; People v. Colby, 39 Mich. 456; People v. Butler, 74 Mich. 643; State ex rel. v. Balmer, 77 Mo. App. 463; State ex rel. v. Grunden, 90 Mo. App. 266; State ex rel. v. Thompson, 81 Mo. App. 549. (2) The date of termination of notary's term is not a necessary part of the certificate and relators were not chargeable with notice of the true date. Windmill v. Baker, 49 Kan. 434; Baskowitz v. Guthrie, 99 Mo. App. 304; Railroad v. Railroad, 129 Mo. 68; Kelley v. Vandiver, 75 Mo. App. 435. (3) The certificate made by the notary recites the presence before her and acknowledgment of both husband and wife, whereas the wife did not so appear; such a false certification makes the notary liable on her bond for resulting damage. People v. Butler, supra; State ex rel. v. Meyer, supra; State ex rel. v. Balmer, supra; State ex rel. v. Thompson, supra.

*Jeffries & Corum* for respondent, Bankers' Surety Company.

(1) To hold a notary and his bondsmen liable for injury sustained, the fault complained of must have

been the proximate cause of the injury sustained. State to use v. Plass, 58 Mo. App. 152; Mechem on Public Officers, sec. 710; Bank v. Murfy, 68 Cal. 462; Overaker v. Blake, 82 Cal. 82; 21 Am. & Eng. Ency. Law, p. 458; Wylles v. Haun, 47 Ia. 614. (2) Failure to provide against forgery is not negligence. Wallace v. Oil Co., 67 Fed. 260; State v. Broughton, 58 Mo. 159. (3) Plaintiff was guilty of contributory negligence, precluding a recovery. The certificate of the notary shows on its face that it had been tampered with. The line after the name of M. D. Fortner shows unmistakable evidence of erasure. The term of the expiration of the notarial commission shows obviously an alteration. The certificate of the recorder of St. Louis county is printed in different type from that which is ordinarily used by the recorder. All of these things would have been patent to the painstaking business person. And, more than this, and to our minds, a very significant fact is that the plaintiff should accept the $2500 note and the six interest notes from the hands of the maker without at least making some inquiry as to how the maker became possessed thereof, and without requiring the endorsement of the payee. But plaintiff was willing to accept these notes without any endorsement of the payee other than the words ''Without recourse, J. Philo Young,'' being simply stamped thereon. State to use v. Plass, 58 Mo. App. 152; Bank v. Murfy, 68 Cal. 462; Butterfield v. Forrester, 11 East, 60. (4) And so we believe that if plaintiff had established the fact that the notary falsely certified to the signature and appearance of Fortner's wife, that even in that event its case must fail because, in attempting to prove its case, the plaintiff showed that it was guilty of negligence that contributed to its injury, and, under such circumstances, the question may be raised by general denial. Allen v. Transit Co., 183 Mo. 424.

STATEMENT.—The relator brings this action against Hildegarde Hallen and the Bankers' Surety Company, the latter her surety, on the notarial bond of the former, for forfeiture of the penalty of the bond ($5000), and for judgment and execution for $1500, the damages alleged to have been sustained by relator by reason of the breach of the condition of the bond. It is averred in the amended petition, in substance, that the defendant Hildegarde Hallen was duly appointed and commissioned a notary public in and for the city of St. Louis on March 2, 1908; that she executed her notarial bond in the penalty of $5000, with the defendant Bankers' Surety Company as her surety; the bond approved March 3, 1908 and duly filed with the clerk of the circuit court and on March 9, 1908 filed with the Secretary of State. The condition of the bond is that the defendant Hallen would faithfully perform the duties of the office of notary public according to law. It is averred that among the duties of that office was that of taking acknowledgments to the execution of deeds of trust. It is charged that defendant Hildegarde Hallen has not in all respects faithfully performed the duties of her office according to law in this: That on or about July 6, 1908, that defendant, acting in her capacity as notary public and for a valuable consideration, made her notarial certificate of acknowledgment to a certain instrument dated July 16, 1907, which purported to be a conveyance by one Kathryn Fortner and M. D. Fortner, her husband, of certain real estate to the St. Louis Union Trust Company, trustee in trust for one J. Philo Young, the deed of trust purporting to secure a principal note for $2500, payable in three years from the date of the deed, and six interest notes for seventy-five dollars each, due at intervals of six months thereafter, interest at seven per cent. The property described is a certain lot in St. Louis county, alleged to be of the value of $3900, and owned by Kathryn Fortner. It is charged that

the deed of trust is spurious; that the certificate of acknowledgment taken and certified thereto by the defendant notary is false and the recitals therein are not true; that no parties appeared before the notary on July 16, 1907, nor for a year thereafter, nor did Kathryn Fortner, the party described in the deed, at any time appear before the notary to acknowledge this deed and that her purported signature to the deed is a forgery. It is further charged that at the time the notary affixed her official signature and seal, the name of M. D. Fortner alone was signed to the deed and alone appeared in the form used by the notary for her certificate, and that the notary thereupon made her certificate of acknowledgment and at the conclusion of the partly blank and partly printed form intended for the acknowledgment of husband and wife, so executed that form as to leave open, unchanged and without reading, printing or words inserted therein the third line of the form, wherein was later inserted by parties unknown to the relator the words "Kathryn Fortner," and that the notary further left unerased the words, "his wife," being the first two words of the fourth line of the form, and left unchanged in the fourth and fifth lines of that form, all words indicating the presence of more than one person; it being charged that "all of which said acts and omissions were carelessness and negligence on said defendant's part and was a failure on her part to faithfully perform her duty, which said negligence and carelessness constitutes a breach of the conditions of her aforesaid bond, and render the defendants therein liable therefor to any person injured thereby." It is further averred that relator, relying upon the proper performance of duty with respect to the certificate of acknowledgment by the defendant Hallen, as notary public, advanced to M. D. Fortner $1500 on the security of the acknowledged deed; that the deed is worthless; that the signature of Kathryn Fortner is a forgery; that M. D.

Fortner is a fugitive from justice and no process of law can be served upon him in this state; that he is insolvent and relator has no adequate remedy in law in the premises and by reason of the acts of defendant notary the sum of $1500 is wholly lost to relator. Averring that amount as its damage, relator demands judgment for it and interest from March 10, 1908, when demand was made, and for judgment for the penalty of the bond, with execution against defendant for the sum of $1500, interest and costs.

The separate answers of the defendants, admitting that relator and defendant Bankers' Surety Company are corporations, deny every other allegation in the petition.

There was a trial of the cause before the court, a jury being waived, and a finding and judgment for the defendants, from which the relator, filing its motion for a new trial, has duly perfected its appeal to this court.

There was no controversy over the averments of the petition as to the appointment of Hildegarde Hallen and the execution of the bond. It further appeared by the evidence that in point of fact Kathryn Fortner and M. D. Fortner, her husband, on July 16, 1907, had made, executed and acknowledged a deed of trust to J. Philo Young, trustee for the St. Louis Union Trust Company, which was filed of record in St. Louis county on July 17, 1907, and numbered as of the current number of the filings of that date as No. 46; that this deed of trust was to secure a note for $2500, due in three years, and six semi-annual interest notes, each for seventy-five dollars. It appeared that afterwards and on or about the sixth day of July, 1908, the aforenamed M. D. Fortner, he seated at his desk, called to his desk Miss Hallen, then a young woman about twenty-two years of age, and in his employ, signed a paper which was lying on his desk, held up his hand, acknowledged it as his act and deed, and told Miss Hallen to affix her

signature and notarial seal, which she did, writing in with a pen, after the words "my term expires," which were printed on the paper, the words, "March 1st, 1912." Fortner then took the paper. That was the last Miss Hallen saw of it, until, when after the discovery of various fraudulent acts of Fortner and his flight, it was shown to her by an officer of relator. The evidence tends to show that when this paper left the hands of Miss Hallen the certificate of acknowledgment upon it was in this form:

"State of Missouri,  } ss.
  City of St. Louis,  }

On this *sixteenth* day of *July,* 190*7,* before me personally appeared *M. D. Fortner,* . . . . . . . . .
. . . . and . . . . . . . . . . his wife, to me known to be the persons described in and who executed the foregoing instrument, and acknowledged that they executed the same as their free act and deed.

In testimony whereof, I have hereunto set my hand and affixed my official seal in the city of St. Louis, Mo., the day and year first above written.

My term expires *March 1st,* 19*12* , . . 19—
Notarial Seal.                    HILDEGARDE HALLEN,
                              Notary Public."

All of this matter is printed except the words underscored or italicized, namely, "sixteenth," "July," the figure *"7"* and the name "M. D. Fortner," which are typewritten; the words "March 1st, 1912," and the signature are written with a pen. The dotted lines were blank. In the body of the deed, on its front page, the names of the grantors and the dates are typewritten, the three first lines reading thus: "This Deed, made and entered into this Sixteenth day of July, Nineteen Hundred and Seven, by and between Kathryn Fortner and M. D. Fortner her husband," etc.

The evidence is clear that Mrs. Kathryn Fortner did not sign the deed nor appear before the notary, nor acknowledge it, nor did her name appear in the acknowledgment. Miss Hallen testified very postively that when she took the acknowledgment of Fortner, she wrote in the date of expiry of her commission as March 1, 1912. She did not read nor see the body of the deed, Fortner merely showing .her where to sign the certificate of acknowledgment, which is toward the bottom of the third (inside)· page; did not notice the date written at the top of the acknowledgment; ruled in no lines to fill up blank spaces. She testified that she thought that if the date of the purported acknowledgment—July 16, 1907—written in at the top or beginning of the acknowledgment, was so written when she took the acknowledgment, she would have noticed it, but she admitted that there was no appearance of erasure and alteration as to that date, and remembered nothing about that date. But she was positive in her testimony that she had written in the date of expiry of her term as March 1, 1912, and pointed out the evidences of erasure of the figure 2 and substitution of a cipher (0) so as to make the year appear 1910, in place of 1912. This alteration in the year of her official term from 1912 to 1910 is obvious, as we find on examination of the deed, which has been produced before us by mutual consent of counsel, and as the learned trial court evidently found. The next appearance of this spurious deed was when M. ,D. Fortner, sometime in December, 1908, went to the place of business of relator, the Savings Trust Company, in St. Louis and stated his wish to borrow $1500, offering to put up what purported to be the principal note secured by this pretended deed of trust, as collateral security for a loan of $1500. Along with these papers, Fortner presented to the officers of the relator a certificate of title given by a reputable title company, brought down ·to July 17, 1907, at 5 o'clock and 1 minute p. m. This cer-

tificate showed title in Kathryn Fortner, wife of M. D. Fortner, to the lot, subject to a deed of trust to the St. Louis Union Trust Company, trustee for J. Philo Young, dated July 16, 1907, filed for record July 17, 1907, daily number 46, to secure a note for $2500 due in three years, and six semi-annual interest notes, each for seventy-five dollars. Pretending that this replica was the genuine deed of trust referred to in this certificate of title, and that the note was the original note therein called for, Fortner applied for the $1500 loan, and relator agreeing to make it, Fortner executed his own note for $1500, payable to the order of the relator, pledging as collateral the $2500 note purporting to be signed by himself and wife, and reciting that it was secured by "first mortgage" on the lot, and that it was recorded in book 198, page 272, in the records of St. Louis county. The notes were indorsed by a rubber stamp with the words "Without recourse, J. Philo Young;" that is, the name of the payee, J. Philo Young, was stamped, not written, nor verified by signature or initials of anyone. In this replica of the genuine instrument, as presented to the officers of the Trust Company, the acknowledgment appeared in this form:

"State of Missouri,   ⎱ ss.
  City of St. Louis.   ⎰

On this *Sixteenth* day of *July,* 1907, before me personally appeared M. D. Fortner ———, ————, ———— and Kathryn Fortner, ———— his wife, to me known to be the persons described in and who executed the foregoing instrument, and acknowledged that they executed the same as their free act and deed.

In testimony whereof, I have hereunto set my hand and affixed my official seal in the City of St. Louis, Mo., the day and year first above written.

My term expires *March 1st, 1910,* ————190—

HILDEGARDE HALLEN,

Notarial Seal.                    Notary Public."

. In this acknowledgment, the blank spaces and lines, which we reproduce in black lines, are filled in by heavy red ink lines; we have. underscored or italicized the words and figures written by pen or typewriter. Miss Hallen, testifying, called attention to the fact, and it was apparent, that after the name "M. D. Fortner," and where the red line now appears, to the end of that second line of the acknowledgment, there was an obvious erasure, two commas very distinctly appearing in the original, as here reproduced. It will be noted that if the correct date of expiry of the term, March 1, 1912, had been left in the acknowledgment, the acknowledgment purporting to have been taken the 16th day of July, 1907, it would have been obvious that the notary could not have acted on June 16, 1907. Miss Hallen had no prior commission, as it appeared that the first commission she had was the one dated March 1, 1908. Not only was the certificate of acknowledgment thus altered in this replica, but when the latter was presented to the officers of the Trust Company it bore upon its back what purported to be a certificate of the recorder of deeds of the county of St.Louis, to the effect that it had been recorded in his office on the 17th day of July, 1907, at 5 o'clock p. m., and had been duly recorded in book 198, page 272, of the records of that office. To this is affixed what purports to be the written signature of the recorder and on the margin is the very faint impression of a seal, purporting to be an impress of the seal of the recorder of St. Louis county, but so faintly impressed that it is illegible. On the folder or back of this replica is the indorsement of the recorder's filing record, to which the recorder's written signature purports to be affixed, and the current daily number, 46, is stamped upon it. The effect of this was

to make this deed of trust and its acknowledgment and its filing record and certificate correspond to the genuine deed of trust, and to the certificate of title which Fortner tendered to the officers of the Savings Trust Company. There was no question whatever but that all these indorsements, as well as the signature of Mrs. Fortner to the deed of trust and note, were forgeries. It was beyond dispute that the alternation in the certificate of Miss Hallen had been made after the certificate left her hands. It was conceded that the property secured by the deed of trust was the sole property of Mrs. Fortner and that its value was $3900, about $1400 over and above the genuine deed of trust.

The testimony of the officers of the relator, who were put on the stand by relator, was to the effect that in making the loan and accepting the $2500 note, professedly secured by the deed of trust, they had relied upon the certificate of the notary that it had been duly acknowledged by Fortner and his wife, and upon what purported to be the certificate, signature and seal of the recorder of deeds that the deed of trust had been duly filed for record and recorded. Defendants put on no witnesses.

It is set out in the briefs that at the conclusion of the testimony the relator asked certain declarations of law and that one was given and the other refused. As these alleged declarations are not properly preserved it is unnecessary to set them out.

As before stated, the trial court, after taking the cause under advisement, found for defendants.

The errors assigned here are, first, that under the declaration of law given the relator was entitled to recover; second, that the court erred in refusing the second instruction; and third, that under all the evidence in the case relator was entitled to recover and the judgment is for the wrong party.

In support of these assignments, it is argued (a) that the taking of the acknowledgment by the respondent Hallen in the manner revealed by the evidence was such carelessness and negligence as rendered her liable on her official bond for all damages that proximately resulted therefrom, for it is claimed she was bound to conduct herself with the skill and diligence which would reasonably be required of a skillful and diligent person under the circumstances; (b) that the date of termination of the notary's term is not a necessary part of the certificate and relator is not chargeable with notice of the true date; and (c) that the certificate made by the notary recites the appearance before her and acknowledgment of both husband and wife, whereas the wife did not so appear, and such a false certification, it is claimed, makes the notary liable on her bond for resulting damages.

Learned counsel for respondents contend (a) that the misstatement of the date upon which the acknowledgment purports to have been taken could not have damnified relator; that whether Fortner signed the deed and acknowledged it in July, 1907, or July, 1908, he had the same rights to the property on both dates and no more, and that it was immaterial as to which of these two dates it was stated that he had appeared before the notary; (b) that the reference to M. D. Fortner in the plural number was not misleading but a clerical error; (c) that it was not incumbent on the notary to so fill out her acknowledgment as to render it impossible to prevent alterations or interlineations; (d) that to hold a notary and his bondsmen liable for injury sustained, the fault complained of must have been the proximate cause of the injury sustained; (e) that failure to provide against forgery is not negligence, and, finally, the plaintiff's negligence in the matter amounted to gross carelessness, the certificate of the notary on its face showing that it had been tampered with; that this would have appeared from an inspec-

tion of the certificate; that over and above this is the fact, which counsel call significant, that relator should accept the $2500 note and the six interest notes from the hands of the maker without at least making some inquiry as to how the maker became possessed thereof and without verifying the stamped indorsement of the payee; these several acts of carelessness, it is argued, if not the proximate, were deciding and controlling as showing negligence contributing to the loss of relator, and that it cannot recover under such a state of facts.

REYNOLDS, P. J. (after stating the facts).—The first question for decision in this case, is that of the proximate cause of the loss which the relator undoubtedly has sustained.

In 2 Shearman & Redfield on Negligence (5 Ed.), sec. 602, the general rule governing the liability of notaries public on their bonds, given for the faithful performance of their duties, is stated to be that the officer is liable for incapacity or mistake, or negligence in the performance of these duties, to one who suffers in consequence of want of care in his official capacity.

In State to use of Kleinsorge v. Meyer et al., 2 Mo. App. 413, our court, passing on the question of the liability of a notary public on his bond, when he falsely certifies to a fact required to be stated in the acknowledgment, held that it is no defense in a suit on the bond of the notary that he acted in good faith or that he did not know or suspect that his certificate was false. "That may be granted (says Judge GANTT, l. c. 421), but it is nothing to the purpose. His business was to know that it was true." To the same effect is State ex rel. v Balmer et al., 77 Mo. App. 463; and State v. Grundon et al., 90 Mo. App. 266.

In Fogarty v. Finlay, 10 Cal. 239, the notary omitted from his certificate that the parties were known or vouched for to him, and the court said of this,

"If the notary read the certificate before signing it, this omission must have been known to him; if he did not, he is equally guilty of negligence, for an officer who affixes his official signature and seal to a document (thereby giving to it the character of evidence), without examining it to find whether the facts certified are true, can scarely be said to faithfully perform his duty according to law."

Her own testimony convicts the defendant Hallen of negligence in certifying to this acknowledgment in the form in which she admits that certificate left her hands. She says that if she had read the date line, namely, "sixteenth day of July, 1907," she would have known that it was the wrong date. Her explanation of this misrecital is that possibly she did not read it. That, as said by the Supreme Court of California in Fogarty v. Finlay, supra, was negligence upon her part.

Counsel for respondent argue  against the contention that the notary was negligent in that she let the certificate go, which, on its face, purported to show that the wife had appeared and acknowledged the instrument, and without changing the plurals into the singular person; that she was not bound to fill up the blanks with lines or marks so that the name of the wife could not be inserted after that of the husband, and was not bound to change the plurals into singulars. The certificate of acknowledgment as it left the hands of the notary, distinctly stated that "M. D. Fortner and ———— his wife," (name of wife not given), had appeared before the notary and that they were the persons described in and who were known to the notary and who acknowledged before the notary the execution of the conveyance. There is no positive requirement that the name of the wife should be repeated or inserted in this acknowledgment. Her name appeared in the body of the instrument itself, and the notary certified that the wife of M. D. Fortner had appeared be-

fore her.  All the authorities as to the liability of the notary for mistakes in acknowledgments fully meet and cover the proposition that certifying to a wife or any person, as present, who was not, is negligence and such negligence as to render the notary liable on his bond as for a false certificate.

In line with this negligence was the failure to change from plurals to the singular.  It is true that there are cases in which the use of the plural—persons —has been held not to be material; in fact our statute, section 8053, Revised Statutes 1909, expressly provides that in construing laws, whenever the plural numbers are used in describing any persons or things, a single person or thing shall be deemed to be included.  But that is far from reaching this case.  The use of the plural here as describing who had appeared and acknowledged this instrument, M. D. Fortner having been named, followed by the words ''and  .  .  .  . his wife,'' could only mean that the wife was present and had joined in the act.

The most that can be said in palliation of the negligence of the notary, is that she was a very young woman, barely twenty-two years old; that Fortner had procured her bond and had paid the premium on it; that he was at the time her trusted employer; that this was the first acknowledgment which she had taken and that she took it as Fortner directed.  All this, however, is no excuse in law for carelessness.  She had applied for appointment and taken up her duties as notary, was of legal age and bound to exercise her office, if not intelligently, certainly with due care.

So much for the duty of the notary.

That this notary was guilty of negligence in the matters set out is beyond question.  That appears not only by the uncontradicted testimony but by the conceded facts in the case.  Hence, on the issue of the negligence of the notary, the finding should have been for the relator.  This is not a case falling within the rule

announced in Gannon v. Laclede Gaslight Co., 145 Mo. 502, 46 S. W. 968, 47 S. W. 907. There is no question here as to the weight of the testimony or credibility of witnesses. The facts as to the acts of the notary, unlike those in the Gannon case, are not only uncontroverted but are conceded.

As to the extent of the liability of the officer and her surety, where a breach of the obligation of the bond has been found, in State ex rel. v. Thompson, 81 Mo. App. 549, our court, Judge Biggs delivering the opinion, held that the bond of the notary is purely one of indemnity and if the relator recovers, the amount of the recovery is limited to the amount of the actual loss sustained by the act of the notary. A different rule seems to have been announced in Michigan in the case of People ex rel. Curtiss v. Colby et al., 39 Mich. 456, l. c. 460, but the learned counsel for relator seem to concede that if a recovery was had here the amount of damage was the loss sustained, that is, the difference in value of the lot between the amount of the notes secured by the genuine deed of trust and that value, $1400.

That brings us to the question as to whether the defense of contributory negligence on the part of relator not having been pleaded, should have been considered by the learned trial court. It is to be borne in mind that contributory negligence was not pleaded, the answer being a general denial.

In Buesching v. St. Louis Gaslight Co., 73 Mo. 219, l. c. 229, it is said that it has been repeatedly decided by our Supreme Court that it is not incumbent upon the plaintiff in the first instance to show that he was free from negligence or in the exercise of ordinary care, but that the concurring negligence of plaintiff is a matter of defense and the burden of showing it is upon the defendant. This doctrine has been followed in many subsequent cases and never departed from.

In Allen v. St. Louis Transit Co., 183 Mo. 411, l. c. 424, 81 S. W. 1142, our Supreme Court has said that "it is the rule in this state that contributory negligence is an affirmative defense and to enable a defendant to introduce proof of it he must plead it, but if the plaintiff in his effort to prove his own case shows that he was guilty of negligence that contributed to the injury complained of, the defendant may avail himself of that showing, although no plea of contributory negligence has been filed." Here the evidence as to the facts under which the relator made this loan on the faith of the spurious notes and deed of trust was all developed by examination and cross-examination of relator's own witnesses; in point of fact, defendants called no witnesses of their own.

In Schultze v. Mo. Pac. Ry. Co., 32 Mo. App. 438, l. c. 447 et seq., the Kansas City Court of Appeals has said: "As a general rule in this state, contributory negligence, to be available as a defense, must be pleaded. [Thompson v. North Missouri Railroad Co., 51 Mo. 190; Donovan v. Hannibal & St. J. R. Co., 89 Mo. 147, 1 S. W. 232.] It is true that the Supreme Court of this state, in Milburn v. K. C., St. J. & C. B. Ry. Co., 86 Mo. 104, held that where, in an action founded on the negligence of defendant, plaintiff's evidence shows that his own negligence directly contributed to produce the injury, he disproves the case alleged, and cannot recover, notwithstanding such contributory negligence is not pleaded. Yet it should not be understood that in all cases where there may be evidence tending to show contributory negligence such defense may be raised at the trial though not set up in the answer. To be thus utilized on the trial, the contributory negligence shown in plaintiff's evidence should be so clear and flagrant as to disprove the cause of action stated in the petition. If it falls short of this, and remains a question of fact, which might be decided either way, then we have little doubt that it

should be pleaded to be available as a defense. [Brown v. H. & St. J. Ry. Co., 31 Mo. App. 661, l. c. 675; Thorpe v. Mo. Pac. Ry. Co., 89 Mo. 650, 2 S. W. 3; Petty v. Hannibal & St. J. Ry. Co., 88 Mo. 306; Crane v. Missouri Pacific Ry. Co., 87 Mo. 588; Taylor v. Mo. Pac. Ry. Co., 26 Mo. App. 336; St. Clair v. Mo. Pac. Ry. Co., 29 Mo. App. 76.]''

In the case at bar the evidence of contributory negligence on the part of plaintiff, appellant here, cannot be said to have been ''so clear and flagrant as to disprove the cause of action stated in the petition.'' It fell far short of that and was a question of fact ''which might be decided either way,'' and when that is the case, following the well supported decision of our brethern of the Kansas City Court of Appeals in Schultze v. Mo. Pac. Ry. Co., supra, ''we have little doubt that it should be pleaded to be available as a defense.''

On consideration of the facts in evidence bearing on the question of contributory negligence, we are forced to the conclusion that the acts of appellant relied upon as constituting contributory negligence on the part of respondent are not such as furnish a substantial basis upon which to find contributory negligence.

The doctrine that a scintilla of evidence will support a finding, has no place in our jurisdiction.

''A mere glimmer or spark, a mere scintilla, will not do, but if there is substantial testimony, however small as compared to the great body of the proof, we have no right to meddle with the weight of it, or ignore it because negative in its character.'' So says' our Supreme Court in Dutcher v. Wabash R. R. Co., 241 Mo. 137, 145 S. W. 63, l. c. 71, an opinion delivered February 9th, a motion for rehearing denied March 1, 1912, Judge LAMM quoting freely from Directors, etc., of the Dublin, etc., Ry. Co. v. Slattery, L. R. (1877-8) 3 App. Cases 1155, and following the excerpts he made

from that case with the remark that the doctrine there announced by the English courts finds support in the decisions of our own courts.

It is urged as an act negligence of relator that it accepted an instrument, upon the face of the certificate of acknowledgment of which appeared an erasure in the date of the term of the notary. This is the only approach to what may be called contributory negligence of relator. Our Supreme Court, in Kansas City & Southeastern Ry. Co. v. Kansas City & Southwestern Ry. Co., supra (l. c. 68), held that "the fact that a notary does not certify when his term will expire . . . does not, in the least, destroy the effectiveness of the deed, to which he certifies an acknowledgement." The like construction of our law was adopted by our court in Baskowitz v. Guthrie, 99 Mo. App. 304, 73 S. W. 227, and by the Kansas City Court of Appeals in Brown Mfg. Co. v. Gilpin, 120 Mo. App. 130, 96 S. W. 669. We therefore hold that failure to notice this evident alteration in the certificate, was not such an act of contributory negligence as bars relator from a recovery.

We are unable to notice the action of the trial court in giving and refusing instructions, as they do not appear from the abstract to have been embodied in the bill of exceptions. What purports to be a refused instruction asked by appellant, relator below, appears only in the motion for a new trial. That does not bring it before us as an instruction passed upon by the trial court.

There are other serious defects in the abstract, but as counsel for respondent have not seen fit to avail themselves of the provisions of our Rule 33, we pass them unnoticed.

The judgment of the circuit court is reversed and the cause remanded. *Nortoni* and *Caulfield, JJ.,* concur.