# WILLIAM BROOKS, Appellant, v. PETER BARTH, Respondent.

## St. Louis Court of Appeals, February 3, 1903.

Remarks of Judge to Jury: HUNG JURY: ERROR. Where a case had been given to a jury on the seventeenth of October and not having arrived at a verdict on the nineteenth the court had the jury brought into court and in the presence of counsel for both parties, the jury was told by the judge from the bench among other things that at times men mistake stubbornness for firmness, thereby intimating that one or more of the jurors who were holding out against the majority were stubborn rather than firm and that their duty was to agree with the majority, and when under the sting of this rebuke, administered by the court the jury immediately retired and within ten minutes returned a verdict, it can not be said that the jury were not unduly influenced by the lecture of the judge, and the verdict should be set aside.

Appeal from Clark Circuit Court.—*Hon. E. R. McKee,* Judge.

REVERSED.

*O. S. & G. M. Callihan* for appellant.

It is certainly quite obvious that the natural effect of the language used by the judge in his address to the jury was to coerce them into making the verdict returned by them. Appellant's motion for a new trial should have been sustained for that reason. The courts of this State, in a number of well-considered cases, have uniformly held the use of language of similar import, by a trial judge, in communicating with the jury, to be reversible error. McPeak v. Railroad, 128 Mo. 644, and cases cited; State v. Hill, 91 Mo. 423; Edens v. Railroad, 72 Mo. 212; McCombs v. Foster, 64 Mo. App. 618.

*C. T. Llewellyn* for respondent.

(1) Neither plaintiff's abstract nor the record shows any affidavit for appeal. In the absence of the affidavit for appeal this court acquires no jurisdiction. Thomas v. Ins. Co., 89 Mo. App. 12; State ex rel. v. Woodson, 128 Mo. 497. (2) It is not error for a trial judge to urge a jury to find or return a verdict. 2 Thompson on Trials, sec. 2302, page 1653, and sec. 2303, pages 1654-55-56-57; Edens v. Railroad, 72 Mo. 212. (3) The statement or remarks of the trial judge must be prejudicial to complaining party. That is, they must be unfair, prejudicial or harmful to the complaining party before error is committed. McPherson v. St. Louis, I. M. & Southern Ry. Co., 97 Mo. 254; Edens v. Railroad, 72 Mo. 212; Cluskey v. City of St. Louis, 50 Mo. 89. (4) There is a wide distinction between private and secret communications of the judge with the jury while deliberating on a ver-

dict in the jury room, and remarks or address of the judge in the nature of instructions to the jury in open court and in the presence of all parties to the action. Chouteau v. Iron Works, 94 Mo. 400.

BLAND, P. J.—The action is in replevin for the recovery of four brood sows. The judgment was for defendant. After a timely but ineffectual motion for new trial plaintiff appealed.

The case is here on a full transcript showing that an affidavit for appeal was filed, but the affidavit itself is not in the record. For this omission respondent contends that the cause is not here by appeal. The failure of the clerk to incorporate the affidavit was an omission that might have been supplied if a timely suggestion had been made. If the affidavit was insufficient to confer jurisdiction upon this court to hear the appeal we presume the respondent would have made the suggestion. As he did not we will assume that the affidavit was in the usual statutory form and was sufficient.

It appears that the stock law was in force in Clark county, from which the appeal comes.

The evidence tends to prove that the appellant was the lessee of respondent's grantor, of a farm in said county; that his term had expired and that respondent insisted on his surrendering the premises. Appellant had three cows, some horses and the sows in controversy on the premises. Respondent went on the premises and testified that he found the horses and cows in a field tramping up the ground and drove them into a fenced lot; that the gates to this lot were all open. The four sows in controversy were in this lot and during the day escaped therefrom and strayed upon the premises of the respondent and were by him impounded under the stock law.

For appellant the evidence tends to prove that when respondent came upon the premises some words

passed between them and that he (appellant) got on a horse and rode away to see a lawyer; that respondent opened and left open a gate leading from the lot into a lane; that the cows passed through this gate and strayed upon respondent's premises.

Respondent's evidence is that the gates of the lot were all open when he went upon the premises and that he closed them, after driving the cows and the horses into the lot from the field, and left them closed.

The case was given to the jury on the afternoon of October 17. Not having arrived at a verdict on the morning of the 19th the court had the jury brought into open court by the sheriff and the following occurred:

"The Court: Gentlemen, have you agreed upon a verdict?

"To which the foreman answered, 'No, sir.'

"The Court: Gentleman, can the court assist you in any way in arriving at a verdict? Do you differ in opinion as to what any witness swore to?

"The Foreman: No, sir.

"The Court: Do you all understand the instructions of the court alike?

"The Foreman: Yes, sir.

"The Court: Then, gentlemen, it is simply a disagreement as to the weight to be given the evidence; what the evidence establishes and proves?

"The Foreman: Yes, sir.

"The Court then said: 'I want you to distinctly understand, gentlemen, that I don't want any member of the jury to violate his conscience. I do not want any of you to agree to a verdict you do not conscientiously believe to be correct and warranted by the evidence. I want you, though, to again retire to your room and give this matter further consideration. We have been unfortunate at this term. You failed to agree on the first case submitted to you and were discharged without a verdict.

" 'Now, gentlemen, I have no use for juries that do not agree. You should remember that you are drawing two dollars per day. By not bringing in a verdict you delay the proceedings of the court and entail cost and expense on litigants, and the court is deprived of your services which it should have. I know human nature is such that at times men mistake stubbornness for firmness, but I again repeat I do not want any member of the jury to violate his conscience by agreeing to a verdict that he does not conscientiously believe is warranted by the evidence.

" 'You entered upon the trial of this case with the feelings that were engendered by the disagreement in the other case. You have had time to cool off; you are now fresh and in good humor.

" 'You will please retire to your room and give this matter further consideration.' "

To all of which appellant then and there at the time excepted.

The jury again retired and within ten minutes returned a verdict.

It is contended by the appellant that the court erred in administering to the jury the admonition above set forth.

In the case of McPeak v. The Mo. Pac. R'y Co., 128 Mo., beginning on page 644, the functions of the judge and jury are set forth and distinguished and the authorities reviewed touching communications between the judge of the court and the jury after it has retired to consider its verdict. It is said, "the *media* of the transmission of thought between court and jury in regard to any pending cause shall be by written instructions." A number of cases are reviewed in which it was held error for the judge to communicate with the jury except in open court and in the presence of the counsel for both parties, and cases wherein certain language used by the court to the jury, in respect

to their duties in finding verdicts, were held to be erroneous.

In the discharge of its functions the jury should be as free from undue influence as is the judge. A verdict obtained or extorted from a jury, by the exhortation and insistence of the judge, is not an untrammeled expression of the judgment of the jury on the weight of the evidence or the credibility of the witnesses. But there is no statute or rule of practice in this State which prohibits a judge from communicating with the jury at all, except through its written instructions, and it is sometimes permissible for a court to admonish a jury of its duty to arrive at a verdict and where this is done in open court and in the presence of counsel for both parties and in language by which no member of the jury could possibly be influenced, biased or prejudiced for or against either party, nor which might be taken as advice to yield individual judgment for the sake of compromise, we can not see the harm that is in it, nor how either party would be prejudiced thereby. But where, as was done in this case, the jury was told by the judge from the bench that "at times men mistake stubbornness for firmness," thereby intimating that one or more of the jurors, who were holding out against the majority, were stubborn rather than firm and that their duty was to agree with the majority and when under the sting of this rebuke administered by the court the jury immediately retires and within ten minutes returns a verdict, it can not be said that they were not unduly influenced by the lecture of the judge.

The record shows that the learned circuit judge was annoyed and harassed by hung juries and that the business of the court was being hindered. In his impatience under this condition of affairs, while we are satisfied he tried to be absolutely fair and not to unduly encroach upon the functions of the jury, yet we think he overstepped the mark. State v. Hill, 91 Mo.

423; McCombs v. Foster, 64 Mo. App. (K. C.) 613; Randolph v. Lampkins, 14 S. W. 538.

The judgment is reversed and the cause remanded. *Reyburn* and *Goode, JJ.,* concur.