## THE STATE v. NELSON, Appellant.

Division Two, May 10, 1904.

IMPROPER REMARKS OF COURT TO JURY. A jury in a prosecution for murder, after having been considering of their verdict for nearly forty-eight hours, were brought into court and, the foreman having stated that they had been unable to agree, the court addressed them as follows: "It has developed here in the case that this is the third trial of the case; now, it is to the interest of society and of the defendant here, and to everybody concerned, that this matter should be settled. Now here is a jury of twelve intelligent men; unless there is some pride of opinion in the way, it looks like you ought to make a verdict; you ought to make an effort to get together. Get together and make a verdict. Take the jury back to their room, Mr. marshal." Defendant's counsel excepted to the court's remarks. The jury retired and in about six hours brought in a verdict of guilty. Held, that the remarks of the court tended to interfere with the free judgment of the jurors, and constitute reversible error.

Appeal from Jackson Criminal Court.—Hon. Samuel Davis, Special Judge.

REVERSED AND REMANDED.

*W. F. Riggs, L. C. Boyle, James Garner, Ralph Latshaw* and *F. E. Burroughs* for appellant.

When the court ordered the jury to "get together and make a verdict," commenting on their "pride of opinion" with sarcasm, calling their attention to outside interests, they were no longer possessed of free judgment as to the disputed facts in the case; wherefore, we are forced to the conclusion that error was committed, and the judgment ought to be reversed. State v. Hill, 91 Mo. 423; McPeak v. Railroad, 128 Mo. 645; State v. Alexander, 66 Mo. 164; Edens v. Railroad, 72 Mo. 212; Goodsell v. Seeley, 46 Mich. 623; Randolph v. Lampkin, 90 Ky. 50.

*Edward C. Crow,* Attorney-General, and *C. D. Corum* for the State.

The admonition of the judge that the jury should "get together and make a verdict" does not constitute reversible error. The remarks here are easily distinguishable from those made by the court in the case of State v. Hill, 91 Mo. 428.

FOX, J.—The indictment in this case was found by a grand jury of Jackson county, Missouri, and was filed in said criminal court on the fifth day of January, 1900.

At the January term, 1903, of said court, defendant was tried and convicted of murder in the second degree, upon such indictment, and punishment assessed at ten years in the State penitentiary.

Motions for new trial and in arrest of judgment were duly filed and being overruled by the court, defendant prosecutes his appeal to this court, and the record is now before us for review.

This prosecution and conviction is predicated upon an indictment which, omitting caption, is as follows:

"The grand jurors for the State of Missouri, within and for the body of the county of Jackson, upon their oath present, that Joseph Nelson, late of the county aforesaid, on the 2nd day of January, 1900, at the county of Jackson, State of Missouri, in and upon one David Jones then and there being, feloniously, willfully, deliberately, premeditatedly, on purpose and of his malice aforethought did make an assault, and a certain revolving pistol, which was then and there loaded with gunpowder and leaden bullets, and by him the said Joseph Nelson in his hands then and there had and held, he the said Joseph Nelson did then and there feloniously, willfully, deliberately, premeditatedly, and of his malice aforethought, discharge and shoot off at, upon and against him, the said David Jones, and him, the said David Jones, with the leaden bullets aforesaid, out of the pistol aforesaid, then and there, by force of the gunpowder aforesaid, by the said Joseph Nelson shot off and discharged as aforesaid, then and there feloniously, willfully, deliberately, premeditatedly, on purpose and of his malice aforethought, did strike, penetrate and wound the said David Jones in and upon the body of him, the said David Jones, thus and thereby then and there feloniously, willfully, deliberately, premeditatedly, on purpose and of his malice aforethought, giving to him, the said David Jones, with the leaden bullets aforesaid, so as aforesaid discharged and shot off out of the pistol aforesaid, by the said Joseph Nelson one mortal wound, of which said mortal wound the said David Jones, from the second day of January in the year aforesaid until the second day of January in the year aforesaid did languish and languishing did live, on which said second day in the year aforesaid, the said David Jones, at the county of Jackson and State of Missouri,

of the mortal wound aforesaid, died; and so the grand jurors aforesaid do say that the said Joseph Nelson, him, the said David Jones, at the county and State aforesaid, in the manner and by the means aforesaid, feloniously, willfully, deliberately, premeditatedly, on purpose and of his malice aforethought, did kill and murder; against the peace and dignity of the State.''

This is the second appeal in this cause, and it is conceded by appellant, as well as by the State, that the facts developed in the trial of this cause are substantially the same as they appear in the record of the former appeal; hence, it can serve no useful purpose to burden this opinion with a restatement of the facts. [See State v. Nelson, 166 Mo. 191.]

The facts, in connection with the action of the court, during the progress of the trial, will be given proper attention in the course of the opinion.

### OPINION.

This appeal presents two propositions for solution:

First. It is urged that the indictment is fatally defective, and charges no offense against the laws of this State.

Second. That the statements or remarks of the trial court to the jury, in respect to their duty in reaching a verdict, constituted prejudicial error, which warrants the reversal of the judgment.

Upon the former appeal, the validity of the indictment was not called in question; however, this court held it was sufficient. Upon this appeal it is earnestly urged that the indictment is fatally defective and fails to charge any offense against the laws of the State.

We have carefully considered the views expressed by counsel for appellant upon this proposition, have read and considered the allegations in the indictment with a marked degree of interest, and have reached the conclusion that the indictment sufficiently charges the

defendant with the infliction of the wounds upon the deceased, from which it is claimed he died.

We are not unmindful of what this court held in State v. Edwards, 70 Mo. 480; it is apparent from a comparison of the terms used in the indictment before us, and the one in the Edwards case, that they can be clearly distinguished. The indictment in this cause is sufficient.

Upon the second proposition, to fully appreciate the action of the court complained of, it is appropriate that we quote from the disclosures of the record in respect to that contention. The record discloses that in the trial of this cause and at the close of the argument, "The jury retired to consider their verdict on Saturday, the fourteenth day of February, 1903, at 1:30 p. m. o'clock, and remained out until Monday, the sixteenth, at 10:30 a. m.

"Sunday intervened between the day the jury retired and returned into court with the verdict. During this Sunday the jury were kept in a room altogether, and separate from every one else at the hotel, with instructions from the court if they should arrive at a verdict on Sunday to notify him and he would receive it.

"On Monday, the sixteenth day of February, 1903, at 10:30 a. m., the jury being brought into open court, the following proceedings were had and done:

"The Court: Have you agreed upon a verdict.

"Mr. Ireland: No, sir.

"The Court: You have been unable to agree?

"Mr. Ireland: We have been unable to agree.

"The Court: It has developed here in the case this is the third trial of this case; now it is to the interest of society, and of the defendant here, and to everybody concerned, that this matter should be settled.

"Now, here is a jury of twelve intelligent men of Jackson county; unless there is some pride of opinion in the way, it looks like you ought to make a verdict, you ought to make an effort to get together. Get to-

gether and make a verdict.    Take the jury back to their room, Mr. marshal.

"Mr. Garner:    We except to the remarks of the court."

After the remarks of the court complained of, about 4:30 p. m. on the same day, the jury returned into court their verdict of guilty.

The expression of this court has been uniform and unbroken in strictly maintaining the doctrine that the province of the court and jury, in the trial of a cause, are distinct and separate.    The rule is clearly stated in McPeak v. Railroad, 128 Mo. 617.    It was said in that case:

"The functions of the court and of the jury are necessarily separate and distinct, and so they should remain.    No encroachment should be suffered by either tribunal upon the other, for in this way is justice best administered.    This court has ever sedulously maintained the strict line of demarcation between the functions of the court and those of the jury."

It will be observed that the rule quoted was announced in a civil case, and there is certainly no reason to relax it in a criminal proceeding, where the life and liberty of a citizen is involved.

In State v. Alexander, 66 Mo. l. c. 164, it was said: "The jury are the triers of the facts, and the court has no more right to interfere with them while considering of their verdict, except in open court, to discharge them from time to time, or in the presence of the accused and his counsel, to instruct them as to the law of the case, than the jury have to invade the province of the court."

BLACK, J., in State v. Hill, 91 Mo. l. c. 428, said that "the object of a jury trial is to get the free judgment of the jurors as to the disputed facts," and the cause was reversed on the ground that the remarks of the trial judge were calculated to interfere with the full expression of the jurors, upon the controverted facts.

It is thus made apparent that this court will not

sanction any verdict, where there has been in any respect, or in the slightest degree, any invasion by the trial court of the province and functions of the jury. The jury are the triers of the facts and the sole and exclusive judge of them, and if the constitutional guaranty of the right of trial by jury is to be maintained and preserved, there must be a strict adherence to the rule announced by this court upon the subject before us for consideration.

The remarks of the court to the jury in this cause, in respect to reaching a verdict, clearly fall within that class which have uniformly been condemned by this court. We are satisfied that the learned and esteemed trial judge did not intend to invade the province of the jury in the trial of this cause, but the remarks, doubtless, were the result of a commendable anxiety to speedily dispose of criminal causes, which are so often delayed, at great cost to the Commonwealth. However, while the trial judge in his remarks to the jury doubtless was actuated by proper motives, and we do not impugn them, yet they can not be made the test of their propriety. They must be measured by the language employed, and from the use of it a fair and reasonable conclusion deduced as to the tendency to interfere with the exercise of the free and unbiased judgment of the jurors.

We are fully aware of the many instances in which the patience of the trial judge is put to the test; but this does not relieve their actions from proper review by the appellate court, and in this connection the expressions of the Supreme Court of Arkansas in Insurance Co. v. White, 24 S. W. 425, are very appropriate: "We can readily understand how the patience of trial judges may be put to crucial tests by the seeming obstinacy or obtruseness of jurors in failing to agree upon a verdict in a case which, to the judge, may appear of easy and ready solution. But, nevertheless, under such circumstances, the court must suffer and endure; and, if it

finds it necessary to give the jury additional instructions, let its language be circumscribed by the Constitution, and such as not to indicate that the jury would be justified, under any circumstances, in bringing in a verdict merely for the sake of expediency."

In this cause, after the jury had doubtless been considering the facts developed, for about thirty-six hours, the court reminded them that this was the third trial of this case, impressed upon them that it was to the interest of society, and of the defendant and everybody concerned, that a verdict be reached, and insisted that they ought to make an effort to make a verdict, and in conclusion said to them, "Get together and make a verdict." These remarks, under the circumstances, by the presiding judge whose province is to guide the jury by appropriate written instructions upon the law applicable to the facts of the case, are susceptible of but one interpretation, that their tendency was to cause the surrender of the free and unbiased judgment of at least some of the jurors upon the conclusions that should be reached in the cause.

This was error for which this case must be reversed. This conclusion finds support, in addition to the cases herein referred to, in Edens v. Railroad, 72 Mo. 212; Goodsell v. Seeley, 46 Mich. 623; Randolph v. Lampkin, 90 Ky. 551; State v. Punshon, 124 Mo. 448.

There is also complaint made as to the order of introduction of testimony. It is urged that the State was permitted to introduce testimony which, if admissible at all, should have been introduced in rebuttal. We have carefully read the testimony introduced, as disclosed by the record, and find no error in its introduction. The order of introduction of testimony is largely in the discretion of the trial court; however, we suggest it is the better practice that evidence be introduced in the order recognized by the well-settled rules of evidence.

For the error indicated in this opinion, the judg-

ment in this cause is reversed and the cause remanded. All concur.