<hr />

BROOKS, Appellant, v. BARTH, Respondent.

St. Louis Court of Appeals, April 18, 1905.

RES JUDICATA: Second Appeal. In an action of replevin for some hogs, where the issue was whether the hogs were running at large in violation of the stock law, a decision on a former appeal that the stock law was in force in the county, should be considered as settling the issue upon the second appeal.

Appeal from Marion Circuit Court.—*Hon. David H. Eby*, Judge.

AFFIRMED.

*H. Clay Heather* and *Whiteside & Yant* for appellant.

There was no evidence of a "distinct and formal admission that the law restraining swine from running at large was in force in Clark county," as claimed by

respondent. The record of the former trials and the entire case shows no such admission. True, defendant's son testified, over the objections of plaintiff, something about plaintiff's counsel having admitted that this law had been adopted; but if that was true, it would not bind plaintiff, at the retrial, where the issue was raised by pleading, for the first time. Murphy v. Gilliam, 79 Mo. App. 565; Weisbrad v. Railroad, 20 Wis. 421.

*C. T. Llewellyn* and *J. W. Boulware* for respondent.

The distinct and formal admission of counsel for plaintiff on the two former trials of the cause "that the law restraining swine from running at large was in force in Clark county" estopped plaintiff from denying it as a third trial of the case. 1 Am. and Eng. Ency. of Law (2 Ed.), p. 698; Nichols, Shepard & Co. v. Jones, 32 Mo. App. 664; State to use v. O'Neill, 151 Mo. 67, 52 S. W. 240; Spense v. Renfro, 179 Mo. 417, 78 S. W. 597. This is the second appeal of this case and the opinion of the court on first appeal (98 Mo. App. 89) settles the question of "law restraining swine from running at large" being in force in Clark county. It is *res adjudicata* and this court will not consider a question settled on a former appeal in the same case, if it appears that the reason assigned for overruling the former decision is that the allegations of the petition as it then stood were untrue and are now denied, and no claim is made of mistake or inadvertence. Lilly v. Menke, 143 Mo. 137, 44 S. W. 730; American Co. v. Nickey, 101 Mo. App. 30, 73 S. W. 394.

GOODE, J.—Action of replevin for some hogs. The case originated in Clark county and went on change of venue to Marion county. The defense was that the hogs were running at large in violation of the stock law which was in force in the county. Plaintiff contends the

stock law never had been legally adopted because notices had not been posted in three public places in each township for twenty days before the election; because the notices of the election lacked a week of being published as long as the statutes required and because the clerk had not spread the result of the election on the records of the county court. None of these contentions is supported by the proof. There was a deficiency of record proof to establish all the requisites of a valid election, as some of the documents were lost. The deficiency was made good by secondary evidence. This case was here on a former appeal and then it was expressly decided that the stock law was in force in Clark county when the hogs were taken up by the defendant. [Brooks v. Barth, 98 Mo. App. 89.] This decision was based on an admission made by the plaintiff in open court at the first trial that the law was in force. We consider that the matter passed into judgment at the first trial; and, moreover, that the evidence adduced on the second trial shows the stock law was in force. The value of the animals in controversy was comparatively small and the record shows the litigation has been carried on by the plaintiff in a spirit of vindictiveness rather than from a desire to vindicate legal rights.

Judgment is affirmed. All concur.