Maude Lorraine Prichard v. Edward Dubinsky, Appellant.—89 S. W. (2d) 530.

Division One, January 11, 1936.

*I. J. Ringolsky, Wm. G. Boatright, Harry L. Jacobs* and *Ringolsky, Boatright & Jacobs* for appellant.

*James R. Sullivan* and *Arthur R. Wolfe* for respondent.

GANTT, P. J.—Action for personal injuries. The collision occurred at the intersection of Main and Pershing streets in Kansas City, Missouri. The automobile in which plaintiff was riding moved north on Main Street, and defendant's automobile moved south on said street. At the intersection the defendant made a left turn and collided with the northbound car. The five assignments of negligence submitted included an assignment that defendant negligently failed to give warning of a left turn. Judgment for $12,000.

I. Defendant contends that there was no evidence to support said assignment. On the question he testified that the window of the left door of his car was open and that he extended his arm through the window and pointed downward as indicating an intention to make a left turn. On the contrary, there was evidence tending to show that immediately after the collision the window of the left door of defendant's car was closed. The question was for the jury. Furthermore, the question was not mentioned in the motion for a new trial.

II. Defendant also contends that part of a hypothetical question invaded the province of the jury. At the trial he objected to the question as a whole. He should have directed the court's attention to the part challenged as invading the province of the jury. Furthermore, this question also was not mentioned in the motion for a new trial.

III. Defendant also contends that the court should not have permitted plaintiff to amend the petition at the close of the evidence by increasing the $10,000 prayed for as damages to $20,000. The amendment was not made in the presence of the jury.

The record presents no reason for the amendment. The petition specified many severe injuries sustained by plaintiff. There was evidence tending to sustain only a few of the specifications of injury. On the record we do not think the amendment should have been permitted. The amendment of pleadings at the close of the evidence, without explanation or reason, should not be encouraged. However, the prejudice, if any, may be remedied on consideration of the verdict.

IV. Defendant also contends that the instruction directing the jury that nine or more jurors could return a verdict was erroneous and prejudicial.

In this connection he directs attention to the submission without instructions defining plaintiff's theory of the case. Defendant made no objection to this manner of submission. However, he excepted to the instruction with reference to the number of jurors necessary to return a verdict, which instruction follows:

"You are instructed that nine or more jurors may render a verdict for either party in this case. If all of you agree upon a verdict, your foreman alone will sign it, but if your verdict is rendered by nine, or more, and less than twelve jurors, your verdict must be signed by all of the jurors who agree to it."

It is clear that the instruction does not direct the jury on the issues involved in the case. But defendant argues that absent instructions defining the issues, the words "may return a verdict for either party in the case" authorized the jury to arbitrarily return a verdict without consideration of the facts and circumstances in evidence. We do not think so. It must be presumed that the members of the jury obeyed their oaths by giving consideration to the evidence on the question of liability. As stated in Shinn v. United Rys. Co., 248 Mo. 173, l. c. 182, 154 S. W. 103: "We will not speculate on what the jury might do, or airily conjecture this or that. We stand on the proposition that the jury are presumed, absent anything to the contrary appearing, to obey their oaths and bring in a verdict according to the evidence."

V. Defendant next contends that the verdict is excessive.

Plaintiff sustained a bruised and wounded knee, shoulder, arm, kidney and foot, and a wrenched back. She was attended by a physician and conveyed to her home where she was in bed for ten days. In the meantime bruised blood in the tissues made necessary an operation on the shoulder. At his office the physician removed a large blood clot from the shoulder. She was in bed for two weeks after the operation, and at home for eight weeks after the collision. During that time she was unable to walk unaided because of the injured knee.

It sometimes "locked," causing her to fall. After a certain fall she used crutches for six weeks. At the time of the trial it had "locked" thirty times, the last time three weeks before the trial. She experienced pain, especially from the injuries to the knee and shoulder. The scar on the shoulder is sensitive and tender. As a result of the bruised kidney she passed blood in her urine for three days after the collision. The physician attending her testified that she had recovered from the injuries except the injuries to the shoulder and the knee; that the knee was still slightly swollen; that the injury to the knee and the scar on the shoulder were permanent, and that she was still slightly nervous.

He also testified that a removal of the scar tissue by an operation would not be successful and that such an operation would increase the size of the scar. There was evidence tending to show that x-ray treatment of the shoulder would reduce the scar tissue and decrease irritation about the scar. At the time of the trial plaintiff was still using a bandage on the knee.

Thus it appears that plaintiff sustained serious injuries as a result of the collision. Even so, we think that a judgment for more than $8000 would be excessive. Therefore, if plaintiff will, within ten days, enter in this court a *remittitur* of $4000, the judgment will be affirmed for $8000 as of the date of the original judgment; otherwise the judgment is reversed and the cause remanded.

All concur.