SUSAN LLOYD, Respondent, v. ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Appellant, No. 41527—227 S. W. (2d) 460.

Division Two, February 13, 1950.

Motion for Rehearing or to Transfer to Banc Overruled, March 13, 1950.

*Salkey & Jones* and *Carroll J. Donohue* for appellant.

92

*Maurice S. Karner* for respondent.

WESTHUES, C.—Plaintiff in this action asked judgment for $25,000 as damages against the defendant company for personal injuries sustained in a collision of a car in which she was riding and a streetcar owned by the defendant company.

A trial resulted in a verdict and judgment in favor of the defendant. The trial court granted plaintiff a new trial on the ground that, after the case had been submitted to a jury, the trial court was guilty of an indiscretion in the manner in which it communicated with the jury concerning the jury's request to hear again the evidence of a certain witness. The request made by the jury and the judge's answer thereto were transmitted orally by the deputy sheriff who was in charge of the jury. Defendant appealed from the order granting a new trial.

A hearing was had on the motion for new trial. Three jurors and the deputy sheriff testified at the hearing with reference to what was said by the deputy sheriff to the jury. The evidence shows that the jury asked the deputy sheriff if the evidence of a witness could be read to the jury. The officer reported the matter to the judge. The jury remained in the jury room. The attorney for the defendant agreed that the evidence could be read. The attorney for plaintiff, who was then at his office, was asked over a telephone whether he would consent to granting the jury's request and he refused. The deputy sheriff then returned to the jury room with the information that the evidence of the witness would not be read. There is a dispute as to what the deputy sheriff said. One of the jurors testified the officer informed them that the attorney for the defendant consented but the plaintiff's attorney refused and, therefore, the request would not be granted. The foreman of the jury testified that he was uncertain as to the details of what the officer said but did state that the officer on his first return to the jury room informed them that only one of the lawyers was present and they would have to wait a while. Later the officer returned and stated the request would not be granted.

Appellant insists that the evidence of the jurors should not have been admitted for the reason that a verdict cannot be impeached by evidence of the jurors. That a verdict cannot be so impeached is well settled law in this state. Carlisle v. Tilghmon, 174 S. W. (2d) 798, l. c. 801 (8, 9), and cases there cited. However, we are not holding that the jurors' evidence, restricted as it was to the communications between the trial court and the jury, constituted impeachment

of the verdict. The result on this appeal does not require a ruling on that point. Those interested in the question may read 46 C. J. 352, Sec. 372, and cases there cited. Also see 46 C. J. 349, Sec. 370, and cases cited there, and Mattox v. U. S., 146 U. S. 140.

Granting a new trial for misconduct or indiscretion on part of jurors, lawyers, and a trial judge, occurring prior to the rendition of a verdict, rests largely within the discretion of a trial court. 46 C. J. 410, Sec. 468. Unless abused, the exercise of such discretion will not be disturbed. Bailey v. Interstate Airmotive, 358 Mo. 1121, 219' S. W. (2d) 333, l. c. 339 (10, 11). There was ample ground in this case to sustain the order granting a new trial. The mere fact that the judge communicated with the jury by messenger, on a matter pertaining to the evidence, even though the messenger was the deputy sheriff in charge of the jury, was sufficient to sustain the court's order.

In the case of Hartgrove v. Chicago B. & Q. RR. Co., 358 Mo. 971, 218 S. W. (2d) 557, l. c. 562, 563, the trial judge and the foreman of the jury discussed the case in the court chambers. The trial court denied a new trial. He prepared a memorandum which will be found in the opinion supra. The court therein stated the foreman wanted to know, in case the verdict was for plaintiff; if the amount could be less than plaintiff claimed. It was a personal injury ■■■■■ action. This court reversed and remanded the case for retrial for the reason that the court had conferred with the foreman in chambers.

In the case before us the action of the trial judge was even more indiscreet than that of the judge in the Hartgrove case concerning which this court stated (218 S. W. (2d) 563):

"How simple it would have been for the trial judge to have assumed the bench and, the twelve jurors being in the jury box and counsel for the parties having been caused to be present, to have asked the foreman to state his question there and then in open court."

In 64 C. J. 1042, Sec. 839, we note the following:.

"In accordance with the general rule that all communications between court and jury must be in open court, it is generally held that, if counsel have not consented thereto, it is reversible error for the judge, in the absence of counsel, to go into the jury room and give further instructions, or to send further instruction to the jury room with another."

That has been the general rule in this state for many years. See Chouteau v. Jupiter Iron-Works, 94 Mo. 388, 7 S. W. 467, l. c. 473.

In no other way can a proper record be made of what occurred. The evidence of the jurors given in this case discloses the confusion which naturally follows a failure to observe this rule. This case also demonstrates the wisdom of the rule.

The order of the trial court granting a new trial must be and is hereby affirmed and the cause remanded for retrial. *Bohling* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.