233 S.W.2d 841 (1950)
BRADY
v.
ST. LOUIS PUBLIC SERVICE CO.
No. 41909.
Supreme Court of Missouri, Division No. 2.
November 13, 1950.
*842 Thompson, Mitchell, Thompson & Douglas, James P. Brown, St. Louis, for appellant.
Edward W. Frederickson, Paul H. Koenig, William L. Mason, Jr., St. Louis, for respondent.
BOHLING, Commissioner.
This is an appeal by the St. Louis Public Service Company, a corporation, from a judgment for $10,000 in favor of Marie Brady as a result of injuries sustained while a passenger on one of defendant's busses. Defendant seeks a new trial because of an alleged improper communication by the court to the jury; because plaintiff's main instruction authorized a verdict for plaintiff without requiring a finding that plaintiff exercised ordinary care for her own safety when plaintiff's testimony was sufficient to make a submissible issue of her contributory negligence; and also claims the $10,000 judgment is excessive.
Plaintiff boarded one of defendant's eastbound Tower Grove busses at Shenandoah and 39th streets about 11:00 a. m. Sunday, August 8, 1948. She sat in the second or third seat from the front on the right side of the bus. It was a beautiful day. The streets were dry. At the intersection of Shenandoah and 11th streets a northbound sedan collided with the bus, striking its front door and step, just as the bus operator turned or swerved to the left to avoid the sedan. As the bus approached the intersection, plaintiff noticed the operator was looking straight ahead. She saw the approaching automobile and said "Oh." The operator and plaintiff each placed the automobile about twenty-five feet south of the intersection when first observed. The collision threw the operator into the aisle on the floor of the bus, causing him to lose control. When plaintiff noticed the operator had *843 lost control, she took hold of an upright bar and stood. She was not hurt at that time. The bus continued eastwardly and "jumped" the north curb on Shenandoah, crossed the sidewalk and struck a two-family brick residence, knocking down a square brick column supporting the corner of the residence, and then came to a stop. Plaintiff was sitting in the seat after the bus stopped, but does not recall when she sat down. She thinks she received her injuries when the bus struck the building, "because I wasn't hurt before."
Defendant contends a communication by the court to the jury while deliberating upon its verdict invaded the province of the jury and tended to coerce a verdict.
About 4:40 of the afternoon that the jury retired to deliberate upon its verdict, the court instructed the deputy sheriff in charge of the jury to ascertain if they would be ready in about ten or fifteen minutes. The officer testified that when he asked the jurors, they said "`Oh! we'll be ready in about five minutes'"; that the jury "buzzed" within ten or fifteen minutes and returned a unanimous verdict in favor of the plaintiff: and that he did not tell the jurors the court wanted them to return to the courtroom by five o'clock.
The affidavits of two jurors, identical in statements, were attached to defendant's motion for new trial. Insofar as here material, they were to the effect the officer informed "the jury that it was the desire of the Court that they be through by 5 o'clock p. m."; that, having considered defendant's liability but not plaintiff's damages, the jury immediately agreed upon the amount of plaintiff's damages and returned their verdict in order to comply with the court's communicated desire. The court sustained plaintiff's motion to strike these affidavits. No issue is made respecting this ruling.[1]
Plaintiff concedes the better practice would be to return the jury to the jury box and then, in the presence of counsel for the parties, make the communication.[2] However, she contends reversible error did not occur, as cases are not to be remanded for new trial unless error was committed "against the appellant, and materially affecting the merits of the action." Laws 1943, p. 390, § 123, Mo.R.S.A. § 847. 123, R.S.1939, § 1228. Some earlier cases on the issue did not consider said statute and made no attempt to distinguish between occurrences constituting reversible error and error not materially affecting the merits of the action. See White v. Hasburgh, Mo.App., 124 S.W.2d 560, 566, citing cases; Sullivan v. Union El. L. & P. Co., 331 Mo. 1065, 56 S.W.2d 97, 102[12, 13].
The granting of a new trial on the ground of misconduct by or affecting jurors rests largely in the discretion of the trial court.[3] Officers in charge of the jury in felony cases may communicate with the jury under order of the court. Laws 1945, p. 845, § 4072, amending R.S.1939, § 4072, Mo.R.S.A. We hold the record does not justify our interfering with the trial court's finding that the communication and the reply thereto did not coerce the verdict. See State v. Parker, 321 Mo. 553, 12 S.W. 2d 428, 432(VI); State v. Bell, Mo.Sup., *844 300 S.W. 504, 505[3]; State v. Tucker, 232 Mo. 1, 20(IV), 133 S.W. 27, 32(4); State v. Lash, 225 Mo. 556, 559, 560, 125 S.W. 464; State v. Ball, Mo.Sup., 133 S.W.2d 414, 416[6]; State v. Bailey, 344 Mo. 322, 126 S.W.2d 224, 227[3]. Defendant's cases presented more aggravated factual situations. State v. Hill, 91 Mo. 423, 428(4), 4 S.W. 121, 122(4); McPeak v. Missouri Pac. Ry. Co., 128 Mo. 617, 627, 644(IV), 30 S.W. 170, 176(4); McCombs v. Foster, 64 Mo.App. 613, 618; Brooks v. Barth, 98 Mo.App. 89, 71 S.W. 1098. Whether a consideration of the provisions found in now § 847.123, supra, which were not discussed, might have produced different results is immaterial.
Plaintiff's main instruction did not require a finding that plaintiff was in the exercise of due care for her own safety. Defendant contends plaintiff's testimony made a submissible issue of whether plaintiff was contributorily negligent as a matter of fact (not as a matter of law), and that the omission constituted reversible error.
Defendant's answer, after admitting defendant's incorporation and its being a common carrier of passengers, denied the other allegations of plaintiff's petition. Defendant failed to set forth affirmatively the defense of contributory negligence as explicitly required by Laws 1943, p. 370, § 40, Mo.R.S.A. § 847.40. Gerber v. Schutte Inv. Co., 354 Mo. 1246, 194 S. W.2d 25, 29[10]. Defendant claims its answer is to be considered amended to conform to the evidence on the issue of contributory negligence under Laws 1943, p. 378, § 82, Mo.R.S.A. § 847.82, reading: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. * * *" Defendant stresses evidence properly admissible as part of the res gestae. Defendant made no effort to amend its answer or tender the issue in requested instructions. Plaintiff did not join in the issue by express consent and there is no substantial showing of an implied consent on the part of plaintiff. What we have said sufficiently distinguishes defendant's cases of Ford v. Louisville & N. Rd. Co., 355 Mo. 362, 196 S.W.2d 163, 168[7, 8], and Botto v. James, Mo.Sup., 209 S.W.2d 256, 261[7]. Contributory negligence was not a live issue in the instant case.
Former § 922, R.S.1939, Mo.R.S. A., relating to answers, did not expressly require contributory negligence to be affirmatively pleaded. Nevertheless, in Missouri contributory negligence has been considered an affirmative defense, with the burden of proof resting upon a defendant; and freedom from contributory negligence has been considered not a constitutive element of a plaintiff's action in tort. If plaintiff's evidence establishes his contributory negligence as a matter of law, the defense is available, although not pleaded, as it destroys plaintiff's right to recover. However, the rulings under § 922, supra, are to the effect the defense of contributory negligence as a fact issue for determination by the jury is not available to a defendant if not pleaded as a defense. See, among others, Taylor v. Metropolitan St. Ry. Co., 256 Mo. 191, 215(V), 165 S.W. 327, 334(V); White v. United Rys. Co., 250 Mo. 476, 482(I), 157 S.W. 593, 594(1); Hanke v. City of St. Louis, Mo.Sup., 272 S.W. 933, 938[8]; Capps v. Beene, Mo. App., 162 S.W.2d 80, 82[5], ruling Instruction 4-P (compare Instruction 1-P, loc. cit. 81); State ex rel. v. Hallen, 165 Mo. App. 422, 438 et seq., 146 S.W. 1171, 1176 [4]; Lumb v. Forney, Mo.App., 190 S.W. 988, 989[3]. Consult Meily v. St. Louis & S. F. R. Co., 215 Mo. 567, 588, 114 S.W. 1013, 1019(2); Hudson v. Wabash West. Ry. Co., 101 Mo. 13, 14 S.W. 15; Long v. F. W. Woolworth Co., Mo.Sup., 159 S. W.2d 619, 624[6]; 65 C.J.S., Negligence, § 194, § 198, pages 913, 922; 45 C.J. p. 1105, § 678, p. 1117, § 694.
What we have said rules the issue against defendant, but our review of the evidence, which need not be detailed, also *845 leads to the conclusion that the acts of plaintiff relied upon to constitute contributory negligence are not such as furnish a substantial basis for the submission of the issue.
The jury returned a verdict for $13,500. This was reduced to $10,000 upon plaintiff accepting the remittitur ordered by the trial court. Defendant claims the $10,000 is excessive.
Plaintiff was 42 years old at the time of her injuries. She was a widow and was regularly employed, supporting herself. She was taken to the City Hospital. She had no broken bones. Plaintiff's partial denture was broken, as well as several of her natural teeth, and her lips were lacerated and bruised. While at the hospital she commenced to experience difficulty in breathing, which caused pain in her left chest. After receiving treatment for her mouth, gums, and lips, plaintiff was instructed to see her family physician and was released from the hospital. Later that day she began to limp, and her teeth began to ache; she had a severe headache, had pain in her left chest, became ill, nauseated, and went to bed. The next day she was worse. The fingers on her left hand became stiff and she had a "bursting" headache. She testified that when she opened her mouth to eat or would yawn her jaw bones would be dislocated and she was unable to close her mouth; that this was painful; that as of the time of trial, October 17, 1949, she still had "a real severe pain" in her chest, and suffered from headaches and nausea; that at first she obtained relief from the headaches "but now they are continuously with me"; that her difficulty in breathing had not cleared up and caused some pain, although this was much better, and if she worked a few hours she became weak and exhausted. Plaintiff's lips returned to normalcy in two or three weeks.
Dr. Fred W. Teiber, who examined plaintiff on August 9, 1948, testified that plaintiff had a contusion and bruise over her entire left shoulder, her left forearm, on the left side of her chest, her left hip, with considerable discoloration and pain, and some of her front teeth had been broken and some loosened; that the skin was broken; that later plaintiff became "markedly black and blue over her chest and down into her breast"; that plaintiff was in pain and extremely nervous; that his treatments were to relieve the pain. He diagnosed plaintiff's chest injury as a very deep bruise, as far as perhaps a tearing of the cartilage where the clavicle and ribs are attached. This would not show in an X-ray. He testified that he treated plaintiff until November 15, 1948, seeing her approximately thirty times; that she then had soreness in her chest and it was possible that now, fifteen months after the accident, she was still experiencing pain in her chest, and that this pain would cause her to be short of breath, the injury being that severe.
Dr. R. J. Wild, a dentist, corroborated Dr. Teiber as to plaintiff's general appearance. He testified that X-rays disclosed a displacement of the left mandibular socket; that plaintiff's partial denture had fractured and lacerated her mouth and she had several broken teeth; that her condition caused excruciating pain, painful every time she moved her jaw; that he resorted to medication and treatment, including treatment for periostitis, which consisted of treatments three times a week for three months; that he extracted nine teeth, including some front teeth; that he made a temporary denture for her to compensate for the support of the lower jaw, and, about two months later, when the condition permitted, a permanent denture.
Dr. Andrew Klein testified he first saw plaintiff on March 18, 1949; that she was suffering from intercostal neuralgia in her left chest, meaning irritated nerves between the ribs of the chest; that the condition is definitely painful and disabling; that she had pain almost constantly at that time; that she also complained of her left arm, and headaches in the back of her head, and was quite nervous. It was his opinion that plaintiff would continue to suffer from intercostal neuralgia, nervousness, headaches, and at times be prevented from working; that the neuralgia might never entirely subside; that it is hard to say whether there will be improvement, *846 which depends on many things, and the condition is one that is likely to "flare up."
There was testimony to the effect that plaintiff had incurred expenses for medical treatment totaling $1,140 and had lost approximately $1,321 in earnings up to the time of the trial.
Defendant directs our attention to Kasten v. St. Louis Pub. Serv. Co., Mo.App., 231 S.W.2d 252, 253 et seq.; Arno v. St. Louis Pub. Serv. Co., 356 Mo. 584, 202 S. W.2d 787, 789[7]; Prichard v. Dubinsky, 338 Mo. 360, 89 S.W.2d 530, 532[7]. We have examined each of these cases and others cited by defendant. Cases merely holding the verdict is not excessive, Henderson v. Dolas, Mo.Sup., 217 S.W.2d 554, 560, are of little value as they do not necessarily hold a larger sum would have required a remittitur. The Prichard case, wherein a $12,000 judgment was reduced to $8,000, was decided in 1935 and we think it does not aid the defendant when consideration is given to the change occurring in the value of money.
We conclude, giving consideration to the special damages of $2,461 sustained by plaintiff to the date of the trial, that the Kasten case (approving $7,500 damages and specially stressed by defendant) and the Arno case (reducing a $10,000 award to $7,000), wherein the injuries are somewhat comparable to those of the instant plaintiff, do not establish that the instant $10,000 judgment, entered after the direction of a remittitur by the trial court, is manifestly not within the bounds of reason. Consult Schaefer v. Transamerican Freight Lines, Inc., Mo.Sup., 173 S.W.2d 20, 24, 25; Rosenberg v. Terminal R. Ass'n, Mo.Sup., 159 S.W.2d 633, 636[5].
The judgment is affirmed.
WESTHUES and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All concur.
NOTES
[1] Jordan v. St. Joseph Ry., L. H. & P. Co., 335 Mo. 319, 73 S.W.2d 205, 210 [14], states: "The law is now well settled that the affidavit of jurors may be received in support of and to uphold the verdict, though not to contradict or destroy it." Davis v. Kansas City Pub. Serv. Co., Mo.Sup., 233 S.W.2d 669; State v. Bailey, 344 Mo. 322, 126 S.W. 2d 224, 225(II); State v. Ferguson, 353 Mo. 46, 182 S.W.2d 38, 44[13-15]; 66 C.J.S., New Trial, § 169, p. 413; 23 C.J.S., Criminal Law, § 1494, page 1310.
[2] Hartgrove v. Chicago, B. & Q. Rd. Co., 358 Mo. 971, 218 S.W.2d 557, 562, 563; Lloyd v. St. Louis Pub. Serv. Co., Mo. Sup., 227 S.W.2d 460, 462.
[3] Lloyd v. St. Louis Pub. Serv. Co., Mo. Sup., 227 S.W.2d 460, 461 [2]; Consolidated School Dist. v. West Missouri Power Co., 329 Mo. 690, 46 S.W.2d 174, 180 [10, 11]; Paul v. Dunham, Mo.App., 214 S.W. 263, 266[7, 8]; State v. Taylor, 134 Mo. 109, 160(12, e), 35 S.W. 92, 105(12, e); Chambers v. United States, 8 Cir., 237 F. 513, 520[8]; Brown v. New York Indemnity Co., 8 Cir., 39 F. 2d 443, 444[3]; 66 C.J.S., New Trial, § 201, b, (2), pages 484, 491; 23 C.J.S., Criminal Law, §§ 1447, 1449, pages 1179, 1182, 1204.