**Jack D. MAXAM and Barbara J. Maxam, Appellants,**

v.

**Darrell F. DILLON and Hunt Concrete Company, Respondents.**

No. 47582.

Missouri Court of Appeals, Eastern District, Northern Division.

July 17, 1984.

Dan B. Dildine, Troy, for appellants.

David A. Koester, St. Louis, for respondents.

DOWD, Presiding Judge.

This appeal follows a civil action for property damage and personal injuries incurred by appellant and damages for loss of consortium by his wife. The jury found in favor of defendants-respondents. We affirm the judgment.

An automobile accident occurred on the morning of December 2, 1981, when appellant Jack Maxam attempted to pass a tractor-trailer driven by respondent Darrell Dillon on a two lane highway in Lincoln County. While appellant was along the left side of the trailer, about midway through his ill-fated maneuver, he noticed that the left turn signal of the tractor had been activated. Appellant immediately swerved to the left and applied his brakes, to no avail. The truck turned left and appellant hit the left side of the tractor, causing extensive damage to his 1977 Cadillac and personal injuries. At no time during the series of events did appellant sound his horn.

During jury deliberations, the foreman sent the following note to the judge: "Must we vote on instruction 8, instruction 9 and instruction 10 individually or may we vote on only one of the above reaching at least a 9–3 decision?" Instructions 8 and 9 (MAI 17.02) were the verdict directors. Instruction 10 (MAI 32.01(2)) was the affirmative defense instruction. The trial court judge conferred with the attorneys for both sides when he received the note. The judge sought suggestions from the attorneys as to how he should answer the jury note, stressing that he would not answer the note unless both attorneys agreed. After this consultation, the judge drafted the following reply: "You need not vote on individual Instructions only on the verdicts. Nine or more of you must agree in order to return any verdict." Both attorneys agreed to the language of the reply.

The first issue on appeal is whether the trial court erred in responding to the jury note. Appellants contend that the response to the note by the judge constituted an instruction of law which was contrary to Instructions 8, 9 and 10 previously given by the trial court. As such, appellants argue that the trial court committed prejudicial error when it submitted its reply to the jury note. We disagree.

The general rule is that no communication whatever should take place between the court and the jury, after the cause has been submitted to them, unless in open court, and where practicable, in the presence of the attorneys in said cause. *Boedges v. Dinges*, 428 S.W.2d 930, 934 (Mo.App.1968). Stated another way, we note the following: "In accordance with the general rule that all communications between court and jury must be in open court, it is generally held that, if counsel

have not consented thereto, it is reversible error for the judge, in the absence of counsel, to go into the jury room and give further instructions, or to send further instructions to the jury room with another." *Lloyd v. St. Louis Public Service Co.*, 360 Mo. 91, 227 S.W.2d 460, 462 (Mo.1950). Any violation of this rule is improper, but such impropriety does not require a reversal if it is determined that the error could not have been prejudicial. *Boedges v. Dinges*, supra at 934.

In the case at bar, the record is clear that the attorneys for both parties consented to the reply that was sent into the jury room by the judge. Furthermore, the record indicates that the judge would not have sent the note had one of the attorneys objected to the language of the reply. Appellants' counsel did not object to the court's receiving the verdict or entering judgment thereon. Under similar circumstances, the court in *Boedges* held that there was a waiver of the irregularity. A party cannot witness misconduct on the part of the verdict, and then, if it proves to be against him, object to the alleged misconduct. *Boedges v. Dinges*, supra at 934. For the above reasons, we find a waiver occurred as a result of appellants' actions.

We will not address the question of whether or not the reply in this case is actually a "jury instruction," as there is no case law in Missouri directly on point. We will assume that the judge's reply did constitute a jury instruction. As such, under Rule 70.02(c) it is within this court's power to determine the prejudicial effect of the instruction.

We find no prejudicial effect as a result of the reply sent to the jury by the trial court judge. Appellants are unable to point out wherein prejudice resulted, or was calculated to result, from the written communications which passed between the court and the jury. The language of the reply was not contradictory to any of the other instructions already submitted to the jury. As such, any error committed in this case was harmless error, if error at all.

The second issue appellants raise is that the trial court erred in refusing to grant a new trial in that the verdict was against the greater weight of the evidence. We find no merit in this argument.

The law in Missouri on this point is clear: "In our review of a jury verdict, we do not determine the credibility of the witnesses, resolve conflicts in testimony, or weigh the evidence. These tasks are quite properly those of the jury." *Fowler v. Daniel*, 622 S.W.2d 232, 236 (Mo.App.1981). Only when there is a complete absence of probative facts to support the conclusion reached by the jury will a jury verdict be overturned. *Elliott v. St. Louis Southwestern Railway Co.*, 487 S.W.2d 7, 14 (Mo. 1972). There is no such absence of facts in the case at issue. Point denied.

The last issue on appeal is whether affidavits of the jury members can be employed to impeach the jury verdict. Appellants contend that the verdict resulted from a disregard of the instructions by the jury. Appellants offer the affidavits of five jurors to prove this point.

"The well-founded and long-established rule, based on sound public policy, is that the affidavit or testimony of a juror is inadmissible and is not to be received in evidence for the purpose of impeaching the verdict of a jury." *Smugala v. Campana*, 404 S.W.2d 713, 717 (Mo.1966). And it matters not whether the juror from whom the impeaching evidence may come concurred in or dissented from the verdict. *Romandel v. Kansas City Public Service Co.*, 254 S.W.2d 585, 595 (Mo.1953). No one is competent to impeach a verdict by the making of an affidavit as to matters inherent in the verdict, such as that the juror did not understand the law as contained in the court's instructions, or that he voted a certain way due to a misconception of the evidence, or misunderstood the statements of a witness, or other matters "resting alone in the juror's breast." *Baumle v. Smith*, 420 S.W.2d 341, 348 (Mo.1967). The five affidavits submitted in the case at

bar fell within these prohibitions. Point denied.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.